John L. Chapman, Plaintiff, *v.* Henry H. Forsyth and Thomas Limerick, merchants and co-partners, under and by the firm, name, and style of Forsyth and Limerick, Defendants.

Under the late bankrupt act of the United States, the existence of a fiduciary debt, contracted before the passage of the act, constitutes no objection to the discharge of the debtor from other debts.

A factor, who receives the money of his principal, is not a fiduciary within the meaning of the act.

A bankrupt is bound to state, upon his schedule, the nature of a debt if it be a fiduciary one. Should he omit to do so, he would be guilty of a fraud, and his discharge will not avail him; but if a creditor, in such case, proves his debt and receives a dividend from the estate, he is estopped from afterwards saying that his debt was not within the law.

But if the fiduciary creditor does not prove his debt, he may recover it afterwards, from the discharged bankrupt, by showing that it was within the exceptions of the act.

This case came up on a certificate of division from the Circuit Court of the United States for the district of Kentucky.

The record was as follows :—

The following statement of questions and points of law which arose in this case, and the adjournment thereof into the Supreme Court of the United States for decision was ordered to be entered, to wit:

"This was an action of assumpsit for the proceeds of 150 bales of cotton, shipped to and sold by defendants, as the property of the plaintiff, the defendant having been a factor," &c.

The defendant, Forsyth, pleaded he had been duly discharged as a bankrupt, on his own voluntary petition.

To this the plaintiff replied; the replication was demurred to, and

upon the hearing and argument of the demurrer, which presented the whole case, the following questions of law arose, and on which the judges were opposed in opinion :—

1st. Could the defendant be discharged, as a bankrupt, from any part of his debts, on his own petition, when he was indebted, in a fiduciary capacity, in part, within the exception in the first section of the bankrupt law; that is, were all persons indebted excluded, that held and owed moneys in the capacity of trustees, (as a class,) from the benefit of the act, although they owed other debts besides the moneys held in trust?

2d. Is a commission merchant and factor, (who sells for others,) or indebted in a fiduciary capacity, within the act, provided he withholds the money received for property sold by him, and which property was sold on account of the owner, and the money received on the owner's account?

3d. Whether, when the decree of discharge, and the regular certificate of being a bankrupt, have been obtained without contest in the District Court, they are conclusive and binding on all persons named as creditors by the bankrupt in his petition and list of creditors; and whether a creditor, who did not prove his debt, and which the bankrupt owed said creditors in a fiduciary capacity, can come into court, and sue the bankrupt for such fiduciary debt, notwithstanding the decree of discharge and certificate, the debt having been set forth in the petition and list as an ordinary debt, not due in a fiduciary character?

Which divisions of opinion, at the request of the plaintiff, are certified to the Supreme Court of the United States, for their opinion and certificate on the three questions on which the judges of this court were opposed in opinion.

The case was submitted upon the following printed arguments by *Morehead,* for the plaintiff, and *Loughborough,* for the defendant

This was an action of assumpsit for the proceeds of 150 bales of cotton, shipped to and sold by the defendants, as the property of the plaintiff, the defendants having been a factor, &c.

Upon a demurrer to the replication to the plea of the defendant Forsyth, three questions arose—

1. On the first question the counsel for Chapman does not propose to submit argument. The only authorities, of which he is aware, that bear materially on the point, are the decisions on the circuits, and with them the court is familiar.

2. On the second question, the undersigned would remark, that the words of the statute, "while acting in any other fiduciary capacity," would seem to have been inserted expressly to embrace all other cases of trusts besides those specifically mentioned. A factor with goods, and money in his hands belonging to his principal, is in estimation of law, a trustee. His relation with the principal is a fiduciary relation. The language of the act is extremely comprehensive, and it is contended that the case under consideration is within the equity of it.

3. The opinion of the late Judge Thompson in the matter of Brown, settles that a fiduciary creditor may or may not, at his election, come in under the bankruptcy, and if he declines to do so, his debt is not discharged. So at least the undersigned understands the opinion as given in the public prints, not having seen any authoritative report of the case.

It is submitted that such is the true doctrine on the subject.

J. T. Morehead, for Chapman.

The questions presented in this case arise under the late bankrupt law of the United States.

1. The first has already been considered in many of the circuits, and several of the members of this court have pronounced opinions upon it.

It is contended by the counsel of Forsyth et al., that the exception in the first section of the bankrupt act, in reference to fiduciary debts, is of such debts, not of the persons owing them, if they owe other debts which have not arisen from a breach of trust since the passage of the act. In this case the debt arose prior to the passage of the act. This has been held to be the correct exposition of the act in the Ohio circuit, Matter of Lord, 5 Law Reporter, 258, in the New York circuit by the late Judge Thompson, in the Matter of Brown, 5 Law Reporter, 258, and in the Massachusetts circuit, in the Matter of Tebbetts, 5 Law Reporter, 259. Decisions have been made in other circuits, of which the counsel have not seen reports in print.

This question has doubtless been maturely considered by all the members of this court, and the counsel for Forsyth would not hope to exhibit any new views of the subject.

2. The debt of a commercial factor to his principal, is not an excepted debt. These factors are of various kinds, and the case

does not state whether the factor, respecting whom the question is asked, acted under an ordinary or a *del credere* commission; a point, perhaps, worthy of consideration.

The excepted debt is one which has arisen "in consequence of a defalcation as a public officer, or as executor, administrator, guardian or trustee, or while acting in any other fiduciary capacity." These expressions are not appropriate to commercial affairs. "Defalcation" is ordinarily used to express the misapplication of the funds with which he is intrusted by a public officer, or some express trustee. Does a commission merchant act in any other such fiduciary capacity as is meant by the act? The term fiduciary is a legal, not a commercial one. It has a comprehensive import, which may be given to it without including a mercantile debt; and, according to the course of trade in this country, a very common mercantile debt.

A very large proportion of the debts which have been discharged by the courts under the bankrupt law, are the debts of factors to their principals. Millions have been so discharged, which will be revived, if this court shall decide them to be fiduciary, within the meaning of the act.

3. Upon the last point it is contended, that the proceedings in bankruptcy in the District Court, when in conformity to the act, are a suit, the decision of which by the decree of bankruptcy, and the discharge of the applicant, is conclusive upon the parties thereto. who are the petitioner himself and at least all such of his creditors as are named in his list, and to whom notice is given.

Such is the nature of the proceedings authorized by the act:— Process is to be served upon the creditor, or a notice in writing sent to him. In effect, the proceeding is a suit by the debtor against his creditors for a discharge.

It was not necessary for the applicant to have stated in his petition the nature or origin of the debt. It was enough that he stated, as in this case, the name of his creditor, his residence, and the amount due to him. See the first section of the act.

What is a fiduciary debt may, in a given case, be a matter of doubt. This contest shows it. Shall an applicant, acting upon his best lights, stating the name and residence of his creditor, and the sum due to him, and expressly summoning him in, to contest, if he chooses, be prejudiced because he has not denominated the debt fiduciary, when he and his counsel did not deem it to be so? Shall the creditor thus notified lie by, and, after the adjudication of the

S

District Court, come forward with the objections which he should have made there?

The certificate of the District Court is made conclusive everywhere, except in cases where there has been fraud, or the wilful concealment of property. Fraud is not suggested here. The expressions of the act in conferring jurisdiction upon the District Court, and in declaring the effect and conclusiveness of its adjudications, are most broad.

The District Court had jurisdiction to grant or refuse the discharge of Forsyth. The exercise of this jurisdiction involved the consideration of the question, whether the existence of the debt to Chapman was a bar to the discharge. Contest might have been made in the District Court on that ground, and, it is contended, should have been made there.

The decree of discharge having been made by the District Court, is it not to be held that the questions now made have been already decided between these parties, by a court of competent jurisdiction?

P. S. LOUGHBOROUGH.

Mr. Justice McLEAN delivered the opinion of the court.

This was an action of assumpsit for the proceeds of 150 bales of cotton, shipped to and sold by defendants as the property of the plaintiff, the defendants being factors. The defendant, Forsyth, pleaded that he had been duly discharged as a bankrupt, on his own voluntary petition. A replication was filed, to which there was a demurrer.

The suit was brought in the Circuit Court for the district of Kentucky; and on the argument of the demurrer the following points were made, on which the opinions of the judges were opposed; and at the request of the parties the points were certified to this court.

1. "Could the defendant be discharged as a bankrupt from any part of his debts on his own petition, when he was indebted in a fiduciary capacity, in part, within the exception in the first section of the bankrupt law; that is, were all persons indebted, excluded, that held and owed moneys in the capacity of trustees, (as a class,) from the benefit of the act, although they owed other debts besides the moneys held in trust'

2. "Is a commission merchant and factor, who sells for others, indebted in a fiduciary capacity within the act, provided he withholds the money received for property sold by him, and which pro-

perty was sold on account of the owner, and the money received on the owner's account?

3. "Whether, when the decree of discharge and the regular certificate of being a bankrupt, have been obtained without contest in the district court, they are conclusive and binding on all persons named as creditors by the bankrupt in his petition and list of creditors; and whether a creditor, who did not prove his debt, and to whom the bankrupt was indebted in a fiduciary capacity, can come into court and sue the bankrupt for such fiduciary debt, notwithstanding the decree of discharge and certificate, the debt having been set forth in the petition and list as an ordinary debt, not due in a fiduciary character."

These questions are far less important than they would have been had the bankrupt law not been repealed. But they are still important as affecting a large class of citizens and to a large amount.

The first section of the bankrupt law provides that, "all persons whatsoever, residing in any state, territory, or district of the United States, owing debts which shall not have been created in consequence of a defalcation as a public officer, or as executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity," shall, on a compliance with the requisites of the bankrupt law, be entitled to a discharge under it.

. The debts here specified are excepted from the operation of the act. This exception applies to the debts and not to the person, if he owe other debts. The language is, all persons owing debts, not of the description named, may apply, &c. Now, an indebtment by an individual, not created as above stated, is within the provisions of the act, although he may be under fiduciary obligation. This is the natural import of the provision, and it is sustained by reason. It was proper that Congress should not relieve from debts which had been incurred by a violation of good faith, whilst, from other obligations a full discharge to the same person should be given. But, to have refused a discharge because the individual owed a fiduciary debt, would, by withholding a general privilege, have superadded a penalty to a past transaction without notice. That this consideration influenced the legislature is shown by the fourth section, which provides, "that no person who after the passage of the act shall apply trust-funds to his own use," shall be discharged. Now, if a person who owed a fiduciary debt, was not entitled to a discharge from other debts by the first section, this provision was useless. A misapplication

of  trust-funds,  as  declared,  covers  the  enumerated  cases  in  the  first
section.    But,  whilst  the  first  section  only  withholds  from  the  juris-
diction  of  the  bankrupt  court  fiduciary  debts,  the  fourth  declares  that
if  such  debts  have  been  contracted  subsequent  to  the  law,  the  indi-
viduals  shall  not  be  discharged.    From  this  provision  the  strongest
implication  arises,  that  if  the  fiduciary  debts  were  contracted  before
the  passing  of  the  act,  the  petitioner  would,  for  other  obligations,
be  entitled  to  a  discharge.    Viewing  then  the  first  and  fourth  sec-
tions  of  the  act,  we  are  of  the  opinion  that  fiduciary  debts,  contracted
before  the  passage  of  the  act,  constitute  no  objection  to  a  discharge
of  the  same  person  for  other  debts.

The  second  point  is,  whether  a  factor,  who  retains  the  money  of
his  principal,  is  a  fiduciary  debtor  within  the  act.

If  the  act  embrace  such  a  debt,  it  will  be  difficult  to  limit  its  appli-
cation.    It  must  include  all  debts  arising  from  agencies;  and  indeed
all  cases  where  the  law  implies  an  obligation  from  the  trust  reposed
in  the  debtor.    Such  a  construction  would  have  left  but  few  debts  on
which  the  law  could  operate.    In  almost  all  the  commercial  transac-
tions  of  the  country,  confidence  is  reposed  in  the  punctuality  and
integrity  of  the  debtor,  and  a  violation  of  these  is,  in  a  commercial
sense,  a  disregard  of  a  trust.    But  this  is  not  the  relation  spoken  of
in  the  first  section  of  the  act.

The  cases  enumerated,  "the  defalcation  of  a  public  officer,"
"executor,"  "administrator,"  "guardian,"  or  "trustee,"  are  not
cases  of  implied  but  special  trusts,  and  the  "other  fiduciary  capacity"
mentioned,  must  mean  the  same  class  of  trusts.    The  act  speaks  of
technical  trusts,  and  not  those  which  the  law  implies  from  the  con-
tract.    A  factor  is  not,  therefore,  within  the  act.

This  view  is  strengthened  and,  indeed,  made  conclusive  by  the
provision  of  the  fourth  section,  which  declares  that  no  "merchant,
banker,  actor,  broker,  underwriter,  or  marine  insurer,"  shall  be  en-
titled  to  a  discharge,  "who  has  not  kept  proper  books  of  accounts."
In  answer  to  the  second  question,  then,  we  say,  that  a  factor,  who
owes  his  principal  money  received  on  the  sale  of  his  goods,  is  not  a
fiduciary  debtor  within  the  meaning  of  the  act.

The  answer  of  the  first  question  leads,  necessarily,  to  the  answer
of  the  third.    For  if  fiduciary  debts  are  not  within  the  act,  a  dis-
charge  can  in  no  respect  affect  the  interest  of  the  fiduciary  creditor.
Without  his  consent,  it  is  clear  the  bankrupt  court  can  take  no  juris-
diction  of  his  debt.    And,  although  the  bankrupt  may  include  the

debt in his schedule, and the discharge may be general, yet as the law gave the court no jurisdiction over the debt, it is not discharged.

The fourth section provides, " that the discharge and certificate, when duly granted, shall, in all courts of justice, be deemed a full and complete discharge of all debts, contracts, and other engagements of such bankrupt, which are provable under the act, and may be pleaded as a complete bar," &c.

Now it is supposed that, if a fiduciary debt, within the act, be placed upon his schedule by the bankrupt, that it is incumbent on the creditor to preserve his right, by showing, before the bankrupt court, the nature of his debt.   And that, consequently, should he fail to appear after notice, he will be barred, as other creditors, by the discharge.

The bankrupt is bound to show on his schedule the nature of his debts, at least so far as to enable the court to take jurisdiction of them.   If, for instance, he owe a debt as executor, and he state it on his schedule as an ordinary debt, he commits a fraud on the law, and the discharge cannot avail him.   If, in this respect, he suppress the truth or state falsehood, he is guilty of fraud, and this may be shown against his discharge.

But as the discharge operates only on debts, contracts, &c., which are provable under the act, it is said that consent cannot include fiduciary debts.

Such debts, without the assent of the creditor, are clearly not within the act.   But if his debt shall be found on the schedule, and he not only proves it but receives his proportionate share of the dividend, he is estopped from saying that it was not within the law. He is a privileged creditor, and is not bound by the bankrupt law; but he may waive his privilege.   As a creditor, he has a right to come into the bankrupt court and claim his dividend.   He does not establish his claim as a fiduciary one, but as a debt " provable within the statute."   And having done this, he can never controvert the discharge.

From these considerations, we are lead to say, in answer to the third question, that, unless a fiduciary creditor shall come into the bankrupt court, prove his debt, &c., he is not bound by the discharge, but may sue for and recover his debt from the discharged bankrupt, by showing that it was within one of the exceptions of the first section.