SEDGWICK against KNIBLOE *and others.*

On the 27th of *June*, 1842, *A* was committed to prison, by virtue of an execution issued on a judgment against him, in an action of *assumpsit*, brought on a receipt given by him to an officer, for property taken by attachment; and was, on the same day, admitted to the liberties of the prison, and gave bond to the sheriff to remain in prison, or the limits thereof, until he should be lawfully discharged. On the 4th of *July*, 1842, he, without the license or permission of the sheriff, and contrary to his will, departed from the prison and its liberties, and ever afterwards remained absent therefrom. In an action brought on the bond, it was held, 1. that *A*, on the day of his departure from prison, was lawfully discharged therefrom, by force of the act of 1842, to abolish imprisonment for debt; 2. that a writ of *habeas corpus*, or other legal proceed-

*Litchfield,*
June, 1844.

Sedgwick
*v.*
Knibloe.

ing, was not necessary to enable *A* to avail himself of such discharge; 3. that *A* was not within any description of persons, excepted, by the proviso, from the operation of the act.

THIS was an action on a bond, dated *June* 27th, 1842, executed by the defendants, to the plaintiff, as sheriff of *Litchfield* county ; the condition of which required, that *John P. Knibloe*, one of the defendants, who had been committed to the *Litchfield* county gaol, by virtue of an execution in favour of *Harry Lockwood*, against said *Knibloe* and *Jethro Delano*, should remain in said gaol, or the limits thereof, until he should be lawfully discharged.

*Knibloe* had been committed to gaol, on the day of the date of the bond, by virtue of the execution mentioned in the condition. He remained a faithful prisoner, until the 4th day of *July*, 1842, when he departed from the prison and its limits, without the leave or license of the plaintiff, and contrary to his will, and has ever since continued absent therefrom. The judgment on which said execution issued, was rendered by the county court of *Litchfield* county, in *April*, 1842, in an action of *assumpsit*, brought by said *Lockwood*, on a receipt given to him, as a deputy-sheriff, for 300 sheep and a yoke of oxen, taken by attachment, promising to keep them safely, and deliver them to said *Lockwood*, on demand.

The case was reserved for the advice of this court, as to what judgment ought to be rendered thereon.

*Sterling*, for the plaintiff, remarked that there was, in this case, an undoubted breach of the bond, unless the act of 1842, abolishing imprisonment for debt, (*a*) authorized the departure of *Knibloe*, and constituted a defence to this action. He then contended,

(*a*) The 1st section of that act provides, "That no person shall be arrested, held to bail, detained or imprisoned, upon process, mesne or final, founded upon any contract merely, express or implied; any law or custom to the contrary, notwithstanding." Then follows a proviso, "That in all actions for tort, and in all actions for fines and penalties, or on promise to marry, or for moneys collected or received, by a public officer, or by any person, while acting as trustee, or in any fiduciary capacity," &c. ; "in all such cases and actions, the defendant may be held to bail, arrested or imprisoned, with the same means of release and discharge of his body, as provided in such actions, by existing laws." By the 2nd section, it is provided, that "this act shall take effect on and from the 4th day of *July*, 1842." The act was approved, *June* 10th, 1842.

1. That all laws are prospective in their operation, unless explicitly made otherwise; and as *Knibloe* was in prison, when the act in question went into operation, it ought not to be applied to this case. 1 *Bla. Com.* 46. *The Thames Manufacturing Company* v. *Lathrop,* 7 *Conn. R.* 550. *Perkins* v. *Perkins, Id.* 558. 563, 4. *Dash* v. *Van Kleeck,* 7 *Johns. R.* 477. *Goshen* v. *Stonington,* 4 *Conn. R.* 210. 222, 3.

2. That if *Knibloe* is entitled to the benefit of the act, he can avail himself of it, only by writ of *habeas corpus.*

3. That this case is embraced in the *proviso* of the act; for *Knibloe* was in prison on a *fiduciary* claim. He had received property, in trust, to keep it safely, and restore it on demand. Consequently, his escape is not justified by the act.

*Seymour,* contra, remarked, 1. That the act in question was passed at the session of the General Assembly, in *May,* 1842, and that this session ended early in *June* of that year. *Knibloe* was committed on the 27th of *June,* two or three weeks after the act was passed. Admitting it, therefore, to be wholly prospective, it would embrace this case.

2. That the explicit provision of the act, that no person should be " *detained* or *imprisoned*," &c. was sufficient to justify a departure from the prison, without a *habeas corpus.* On the 4th of *July,* all authority to detain or imprison him, ceased, *by force of the statute.*

3. That the case is not within the *proviso* of the act. *Knibloe* had not " collected or received" any "moneys," " while acting as trustee, or in a fiduciary capacity."

HINMAN, J. The 1st section of the act of 1842, to abolish imprisonment for debt, provides, " that no person shall be arrested, held to bail, detained or imprisoned, upon any process, *mesne* or final, founded upon contract merely, express or implied; any law or custom to the contrary notwithstanding."

The defendant *Knibloe,* being in prison for debt, on the 4th of *July,* 1842, when the act took effect, but having the benefit of the prison liberties, on that day, without the license or permission of the plaintiff, and contrary to his will, departed from prison, and has remained absent ever since.

The principal question in the case, is, whether this depart-

*Litchfield,*
*June, 1844.*

Sedgwick
*v.*
Knibloe.

ure from prison is a breach of his bond to the sheriff to remain a prisoner on the limits of said gaol, until lawfully discharged therefrom. This, of course, depends upon the question whether this act lawfully discharged him from prison. We think, it did so discharge him. Indeed, there is no room for any different construction of the act, short of a total disregard of the plain meaning of the language used. It was said, in the argument, that the word " detained " had no meaning, but was inserted merely to fill up the sentence. But if we expunge this word from the act, we may, for the same reason, expunge any other in the same connexion; which would be altering the law, not construing it. There is no ambiguity in this section. But if there was, and we were at liberty to resort to rules of construction, in order to arrive at the meaning of the legislature, it would not then be expected, that we should expunge, or even strain, the language of a statute in favour of liberty, in order to narrow its operation. It would seem to be more in conformity with the free spirit of the common law, as well as with the spirit of the liberal institutions of this age and country, to give it a fair construction, in order to carry out the obviously liberal views of the legislature.

But admitting the statute to be a good discharge of *Knibloe*, still it is said, he had no right to depart, without inquiry; in other words, that he should have availed himself of the writ of *habeas corpus*, and, in this way, procured his discharge.

How it would have been, as between *Knibloe* and the gaoler, if he had been in close confinement, and had demanded to be liberated, or had attempted to break out of prison by force, is an entirely different question from the one now before us. In such a case, the warrant for his confinement being in the ordinary form, and the gaoler unable to determine from it, whether the claim originated in contract or in tort, or whether it was for a debt on which he could lawfully be imprisoned, would probably be justified in retaining him in prison, till discharged, by some legal proceeding.

But this is a question upon the bond to remain a faithful prisoner till lawfully discharged; and the sheriff can recover nothing upon it, unless he is liable to the creditor for the escape. The object of the bond, is, to indemnify the sheriff. But if the law has discharged the debtor from prison, the

sheriff is not liable to the creditor for his escape ; and, of course, the debtor is not liable upon the bond.

It was claimed, that this was a fiduciary debt, on which *Knibloe* was imprisoned ; and therefore, he had no right to his discharge. The original action was upon a receipt, in which the defendants promised to keep certain property, that had been attached, safely ; and to deliver it to the officer, on demand. The defendants, in that suit, then, were ordinary bailees of the property attached ; and whether this would make them fiduciary debtors, in any other sense than may be said to be the case of nearly all debtors, may admit of a question. A factor, who receives the money of his principal, has been held not to be a fiduciary, within the meaning of the late bankrupt act. 2 *How.* 202. But however this may be, is wholly immaterial. The persons excepted out of our non-imprisonment law, are not fiduciary debtors, but debtors for moneys collected or received while acting in some fiduciary capacity. *Acts* of 1842, *p.* 37. There can be no pretence, that *Knibloe* owed any such debt. Upon the whole, therefore, we advise the superior court to render judgment for the defendants.

In this opinion the other Judges concurred.

Judgment for defendants.