Read, J.
This case, among other reasons, was reserved because it involved the constitutionality of the voluntary part of the bankrupt act.
So far as this court is concerned, we regard this question as settled. The constitutionality of the voluntary portion of the bankrupt act was recognized by this court at its present term, in obedience to the decisions of the United States court. 1 How. U. S. 227; Chapman v. Forsythe, 2 How. 202.
We deem the declaration of sufficient substance to support the judgment.
Fiduciary debts are exceptions to the general operations *of the act. It is not necessary for the bankrupt, in his plea of discharge, to aver that the debts embraced in his certificate were not of a fiduciary character; but the creditor, to withdraw his debt from the general operation of the certificate, should reply, and prove that the debt sought to be recovered, was within the exception. It was so held by Mr. Justice Story, in the United States Circuit Court of Massachusetts, in the matter of Tibbets, 5 Law Reporter, 259. '
The objections to the plea relied upon in argument, are: 1. That it does not aver the facts necessary to confer jurisdiction upon the *391 district court; 2. That it does not confess the debt, and avoid it by the fact of discharge.
Section 4 of the act constitutes the final certificate of discharge1 a complete bar to all suits for debts embraced within it, and makes the certificate conclusive evidence of itself in favor of the bankrupt, unless impeached for fraud, or unless the debt be withdrawn from its operation because of its fiduciary character. Plea of final certificate of discharge is a complete bar of itself.
It is not requisite that the plea should set forth all the facts and proceedings necessary to give the district court jurisdiction. True, it has been held otherwise in 5 Hill. But we do not hold the district court of the United States to be a court of local limited jurisdiction, in such sense, that to give validity to its orders or decrees, as a plea in bar, that it is necessary, in the plea, to allego all the facts and proceedings necessary to confer jurisdiction. The district court is a court of record, created under the powers of the constitution of the United States,.having jurisdiction over matters of bankruptcy, by the act of Congress. • Matters of bankruptcy, by the act, are conferred upon the district court as part of its general jurisdiction; and in principle, its orders of final discharge may be plead precisely as the judgments and decrees of any court of general jurisdiction. Besides, the act itself authorizes the discharge and certificate to be plead in bar to suits upon all debts, contracts, *and other engagements of the bankrupt, and provable under the act.
It is claimed that the plea should confess the debt and avoid it. That this plea merely alludes to the pretended debt of the plaintiff, and does not admit its existence. That every special plea should confess and avoid. The court are of opinion that this plea admits the plaintiff’s cause of action, as alleged in his declaration, and avoids it by his plea of bankruptcy. It is averred that the plaintiff’s debt, as well as others, is included in the certificate of final discharge. We regard the plea, as it stands, a good bar. If any matter exist which would avoid it, it should be set up by replication. Judgment reversed.