CHARLES NOBLE and ISAAC H. SMITH *v.* WILLIAM W. PRES-
COTT and another.

A factor who receives money to be invested in goods, with the condition that
it shall not be employed for any other purpose, acts in a fiduciary capacity
within the meaning of § 179 of the Code of Procedure, and may be held to
bail if he misappropriate the money.

Where the amount of the defendant's indebtedness is verified in the affidavit
on which the arrest is founded, the order will not be modified merely
because the affidavits submitted by the defendant on a motion to vacate the
order, contain some evidence that the claim is over stated.

A moving party cannot appeal from an order denying his motion, where he
has availed himself of a provision of the order giving him leave to renew
the application.

REVIEW of an order of arrest.

The arrest was granted upon an affidavit stating, in sub-
stance, that the plaintiffs in New York transmitted $5,835 to
the defendants, a commission house in New Orleans, with
express instructions to use the money in the purchase and
shipment of sugar to the plaintiffs. That the money was
received by the defendants under a distinct understanding
that it should not be employed for any other purpose. And
that $851.74 of the amount had been misappropriated.

The defendants having moved to vacate the arrest, the
motion was denied, with leave to renew upon additional affi-
davits. From this order the defendants appealed to the gen-
eral term. They subsequently, without abandoning that
appeal, applied, upon further papers, for an order to discharge
the arrest. This application was granted, and the plaintiffs
appealed to the general term.

The amount of the plaintiffs' demand was stated positively
in their affidavit; but was represented in the defendants' affi-
davits to have been reduced by payments and otherwise.

The cause now came up on the defendants' appeal from the
order first above mentioned, and upon the plaintiffs' appeal
from the order vacating the arrest.

*John B. Coppinger*, for the defendants.

*William H. Taggard* and *John M. Pinkney*, for the plaintiffs.

By THE COURT. INGRAHAM, FIRST J.—The defendant, Prescott, was arrested and held to bail in this action, upon the ground that the debt was contracted in a fiduciary capacity.

A motion to discharge from arrest was made in December last, which was denied, without prejudice to a renewal of the motion. Upon this motion the sufficiency of the original affidavit was not in question, as the defendant's motion was not founded thereon. An appeal was taken from that order, and afterwards the defendant renewed the motion to discharge from arrest on the 24th January.

This appeal must be dismissed. The defendant having seen fit to avail himself of the privilege of renewing the motion, has no ground upon which to appeal. In such a case an appeal is never permitted.

Upon the second motion, the original affidavit was used, and, as appears from the plaintiffs' argument, the judge, at special term, discharged the order of arrest, upon the ground that the affidavits do not show that the defendant was acting in a fiduciary character, within the meaning of the statute.

The claim is for a portion of money placed in the hands of the defendant, a merchant at New Orleans, with instructions to purchase sugar, and ship the same to the plaintiffs, at New York. These instructions were complied with as to all the moneys so deposited, except the sum now claimed.

Whether or not the defendants were acting in a fiduciary character in this transaction, within the meaning of section 179 of the Code, must depend on the nature of the contract made with them, and the business in which they were engaged. The words of the act are, " any factor, agent, broker or other person in a fiduciary capacity."

The construction put on the words, fiduciary capacity, by the Supreme Court of the United States, in 2 How. 202, was

adverse to the right to hold to bail in this case. But the words of the statute were different in that case, and the term fiduciary capacity was construed as limited by the preceding words to the case of technical trusts of a character similar to those of executor, administrator or trustee. In our statute the words are entirely different, and relate to factors, agents, &c., as well as other trustees.

Judge MITCHELL, in *Goodrich* v. *Dunbar*, 17 Barb. 646, describes this term as applying to one in whom a trust is reposed as factor or agent, in their ordinary or regular business, a trust that they will sell and account. And Judge HARRIS, in *Stoll* v. *King*, 8 How. Pr. Rep. 300, says that factors, &c., are liable to arrest for moneys received by them in a fiduciary character. And again he says, the criterion in every such case is, to determine whether the specific moneys received ought in good faith to have been kept and paid over to the employer, or whether the defendant, having received them, had the right to use them as his own, holding himself accountable to his principal for the debt thus created. In the latter case he would not be liable to arrest, in the former he would be.

Although I am not willing to adopt the language of Judge MITCHELL to the full extent to which he goes; I think as applicable to this case, both of the cases above cited are correct. The defendants were factors—employed for a special purpose, to take the plaintiffs' money, and with it purchase sugar, to be shipped to the plaintiffs at New York, and for no other purpose. And there was annexed to the contract a special condition, that no part of the money should be used or employed for any other purpose by the said defendants.

These appear to me to be moneys received by the defendants as factors, and on a special trust; and if a factor can be said to be acting in a fiduciary character, in any instance, it must be in such a case as the present.

There is some evidence in the papers of the defendants, calculated to reduce the amount of the defendants' indebtedness. The amount is sworn to by the plaintiffs. It is not usual to

try the merits on these motions. These matters are proper to be set up in the defendant's answer, by way of defence. It may also be remarked, that they are to some degree met by the proof of further indebtedness on the part of the defendants, to which the payment alleged by them may be applicable.

The order to hold to bail was, I think, properly made, and the order appealed from discharging the defendant from arrest, should be reversed.

Order vacating the arrest reversed, and appeal from the first order (denying the motion to discharge the arrest, with leave to renew) dismissed.