# Cases

# FIRST DEPARTMENT,

AT

# GENERAL TERM,

## October, 1879.

EDWARD ROWE AND OTHERS, RESPONDENTS, v. CHARLES L. GUILLEAUME, APPELLANT.

*Discharge in bankruptcy — claim for conversion of property barred by — section 5117 of the United States Revised Statutes.*

The plaintiffs delivered to the defendant $10,000, either to be used in purchasing goods for the plaintiffs, or to be returned to them. The complaint alleged that the defendant had neither purchased goods or returned the money, but had converted it to his own use. The defendant, as a defence to the action, relied upon a discharge in bankruptcy.

*Held,* that though the action was in effect one for the conversion of the plaintiffs property, the claim therefor was provable in bankruptcy and was barred by a discharge therein, unless there was intentional fraud in the misuse of the plaintiffs' funds.

Section 5117 of the United States Revised Statutes, excepting certain debts from the effect of a discharge in bankruptcy, only applies to those created by a positive and intentional fraud on the part of the debtor.

APPEAL from a judgment in favor of the plaintiffs, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*George W. Van Slyck,* for the appellant. The plaintiffs' claim, even if of a fiduciary character, is barred by the discharge in

bankruptcy. (*Chapman* v. *Forsyth et al.*, 2 How. [U. S.], 202; *Neal* v. *Clark*, 5 Otto, 704; *Keime* v. *Graff*, 17 N. B. R., 319; *Ousley* v. *Cobin*, 15 id., 489; *Connor* v. *Cothrane*, 104 Mass., 245; *In re Smith et al.*, 18 N. B. R., 24; *Grover & Baker* v. *Clinton*, 8 id., 312; *Anstill* v. *Crawford*, 7 Ala., 335; *Haymen* v. *Pond*, 7 Met., 328; *Phillips* v. *Russell*, 42 Maine, 360.)

*A. Blumenstiel*, for the respondents. The defendant, having misapplied the moneys, was guilty of a breach of trust imposed upon him. (4 E. D. Smith, 139; *Scudder* v. *Shields*, 17 How., 420; 17 Barb., 646; *Frost* v. *McCarger*, 14 How., 136; *Barrett* v. *Gracie*, 34 Barb., 20; *Dubois* v. *Thompson*, 25 How., 417; *Wolf* v. *Brouwer*, 5 Robertson, 601 [in point]; see also *Dugold* v. *Edwards*, 50 Barb., 288.) The defendant was not a factor, entitled to mingle this money with his own. The defendant was the agent of the plaintiffs to use the money in a particular way and for a special purpose. (*Matteson* v. *Kellogg*, 15 Ill., 547; *Flagg* v. *Ely*, 1 Edm.; see cases 208; *In re Seymour*, 1 B. R., 29; *In re Kimball*, 2 id., 204, affirmed by Circuit Court; *Lemeke* v. *Booth*, 5 B. R., 351; *Neadwell* v. *Halloway*, 12 id., 61; *Meader* v. *Sharpe*, 14 id., 492; *Johnson* v. *Werden*, 13 id., 335.)

Daniels, J.:

The cause of action set forth in the complaint was for the sum of $10,000, delivered by the plaintiffs to the defendant, to be used by him in the purchase of goods for them, for which he was to account to them or return the money. This money, it was alleged, the defendant had converted to his own use, and that he made no return of either the goods to be purchased with it or of the money itself. The material allegations of the complaint were denied by the answer, and the defendant further relied, by way of defence, upon his discharge in bankruptcy. Upon this part of the case the important point which was made was, whether the demand was one which could be discharged under the operation of the bankrupt laws. The case, as the evidence tended to disclose it, was not one of an unusual nature. It consisted of the fact that.so much money had been delivered to the defendant to be used by him for the benefit of the plaintiffs, and which he afterwards

applied to his own use. This involved, on his part, a conversion of the plaintiffs' property, and was sufficient, in the absence of this discharge, to justify an action of trover on their part against him. But demands of that nature were made provable in the proceedings taken by the defendant for his discharge in bankruptcy. (U. S. Revised Statutes, 983, § 5067.) By that section it was in terms provided that all demands against the bankrupt for or on account of any goods or chattels wrongfully taken, converted or withheld by him might be proved, and allowed as debts to the amount of the value of the property so taken or withheld, with interest, and this appears to have been a demand of that character.

By another provision of the bankrupt law, it was further provided that a discharge in bankruptcy duly granted shall, subject to the limitations imposed by the two preceding sections, release the bankrupt from all debts, claims, liabilities and demands which were or may have been proved against his estate in bankruptcy. (Id., 993, § 5119.)

No objection has been taken in this case to the regularity of the bankrupt's proceedings in which his discharge was obtained, but it is claimed under the provisions referred to by this section, that its operation should be so limited as to exclude a claim of this description. The provision upon which that position has been taken is that made by the preceding section 5117, which declares that no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy, and it is urged that the demand in this case was a debt so created, and by the actual as distinguished from the constructive fraud of the defendant. In order to exclude it from the effect of the discharge, as this section has been construed, a positive and intentional fraud on the part of the debtor seems to have been contemplated. (*Neal* v. *Clark*, 95 U. S. Sup. Ct. Rep., 704.) In this respect the same construction was applied which was given to a somewhat similar section of the preceding law by the case of *Chapman* v. *Forsyth* (2 How., 202). This subject has also been furthered considered by a recent decision of the Court of Appeals, made in the case of *Henrequin* v. *Clews* (MS.), in which these authorities have been applied, and so far extended as to include

actions for the conversion of property. That was an action like the present one, for the conversion of property, and it was held to be the effect of these provisions of the bankrupt law to discharge the debtor from liability for such a cause of action. That case, neither in its facts nor in its principle, seems to be distinguishable from the present one.

This decision appears to be so broad as to include all ordinary cases for the conversion of property, and for that reason it should be followed, as controlling, in the disposition which should be now made of the appeal in this case. Allowing it to have that effect the result seems to be unavoidable, that the judgment and order should be reversed and a new trial ordered, with costs to abide the event, which will afford the parties an opportunity of contesting the effect of the discharge, in view of these authorities, by placing the case, if that can be sustained, upon the precise ground of an actually intended fraud in the misuse of the plaintiff's funds.

BRADY, P. J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Judgment reversed, new trial ordered, with costs to abide event.