## GRANTHAM *v.* CLARK.

A debt due from a collector to the town for taxes collected and not paid over as required by law is not barred by a discharge in bankruptcy.

ASSUMPSIT, to recover the amount of a promissory note from the defendant to the plaintiffs, and also moneys received by the defendant as collector of taxes in the plaintiff town for the years 1873 and 1874, and not paid over by the defendant.

The defendant pleaded a discharge in bankruptcy, to which the plaintiffs filed the following replications:

"And the said plaintiffs say that by reason of anything in the said plea of the said defendant by him first above pleaded, it ought not to be barred from having and maintaining its aforesaid action against him, because it says that at the time of the filing by the said defendant of his original petition in the district court of the United States, pursuant to which the said discharge in said plea mentioned was granted, the said defendant, although he well knew of his indebtedness to the said plaintiffs for the recovery of which said action is brought, yet, in order to deceive and defraud the said plaintiffs, and to conceal from them the fact of the filing of said petition, and to prevent them from proving their claim against him in the proceedings in bankruptcy had upon said petition, or having any benefit from such proceedings, in the schedule annexed to said petition the aforesaid debt of the said plaintiffs was not, nor was any debt or claim in favor of the said plaintiffs against the said defendant contained or mentioned, but all mention of or allusion thereto was knowingly and wilfully omitted, for the fraudulent and covinous purpose of preventing the said plaintiffs from proving their claim or having any of the benefits of said proceedings in bankruptcy as aforesaid. And the said plaintiffs in fact say, that, by reason of said debt not being contained or mentioned in the schedule aforesaid, they were not notified of said petition, or of any of the proceedings had in pursuance thereof, and did not in fact know of or suspect the filing of said petition or of any of said proceedings until long after the said discharge by the said defendant, above pleaded, had been actually issued; and that by reason thereof they did not prove their said claim in said proceedings in bankruptcy, nor did they become a party to, or have any benefit whatever from, said proceedings; but on the contrary thereof, by reason of the premises, were by the fraud and covin of said defendant wholly denied and deprived of all such benefit; and this they are ready to verify. Wherefore they pray judgment, and for their damages and costs.

"And for a further replication to the said first plea above pleaded, the said plaintiffs say, that the said debt or demand, for the recovery of which said action is brought, was created while the said

defendant was collector of taxes for the said town of Grantham, duly chosen and qualified, and is for taxes duly assessed in said town of Grantham in the years 1873 and 1874, contained in the lists thereof made in conformity to and in due form of law, and duly committed to the said defendant as such collector, with warrants in due form of law for their collection, and by him collected and never paid over to said town of Grantham or to any officer of said town authorized to receive the same, but by the said defendant converted to his own use; and so the said debt was created while the said defendant was acting in the fiduciary character aforesaid; and this the said plaintiffs are ready to verify. Wherefore they pray judgment, and for their damages and costs."

The defendant demurred to the replications, and the court having overruled the demurrer, the defendant excepted.

*A. S. Wait*, for the plaintiffs.

*J. L. Spring*, for the defendant.

CARPENTER, J.   The question raised by the demurrer to the first replication is settled in *Marshall* v. *Sumner*, 59 N. H. 218. The demurrer is sustained.

A collector of taxes is a public officer.   *Tucker* v. *Aiken*, 7 N. H. 113; *Gordon* v. *Clifford*, 28 N. H. 402; G. L., cc. 40, 41, 42.   A debt due from the collector to the town for taxes collected by him and not paid over as required by law, is a debt created by his defalcation as a public officer, and while acting in a fiduciary capacity, and is not barred by his disharge in bankruptcy.   U. S. Rev. St., s. 5117; *Morse* v. *Lowell*, 7 Met. 152; *Cronan* v. *Cotting*, 104 Mass. 245; *Neal* v. *Clark*, 95 U. S. 704; *Chapman* v. *Forsyth*, 2 How. 202.   The demurrer to the second replication is overruled.

BLODGETT, J., did not sit: the others concurred.