**In re Frederick J. MIANO, Debtor.**

**Peter M.J. Reilly, Plaintiff,**

**v.**

**Frederick J. Miano, Debtor— Defendant.**

**Bankruptcy No. 99–21248. Adversary No. 99–2100.**

United States Bankruptcy Court, D. Connecticut.

July 27, 2001.

William M. Bloss Jacobs, Grudberg, Belt & Dow, P.C., New Haven, CT, for Plaintiff.

Frederick J. Miano, Westbrook, CT, pro se.

*MEMORANDUM OF DECISION*
ROBERT L. KRECHEVSKY, Bankruptcy Judge.

## I.

### ISSUE

Frederick J. Miano ("the debtor"), an attorney, filed a Chapter 7 bankruptcy petition on March 31, 1999. Peter M.J. Reilly ("the plaintiff"), also an attorney, on July 12, 1999, filed a complaint against the debtor alleging that a judgment debt he obtained prepetition in the Connecticut Superior Court against the debtor is nondischargeable pursuant to Bankruptcy Code § 523(a)(4) (a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" is nondis-

chargeable). Following the filing of the plaintiff's complaint, and the court's denial of cross-motions for summary judgment, a hearing on the complaint was held on May 10, 2001 at which the debtor was the sole witness.[1]

## II.

## BACKGROUND

The plaintiff in 1992 represented a client in the U.S. District Court for Connecticut on a contingency fee basis in a personal injury action. During the pendency of that action, the client dismissed the plaintiff and retained the debtor and attorney Gianfranco Galluzzo ("Galluzzo"), a friend of the client, to represent him on the same contingency fee basis. The debtor and Galluzzo had no agreement with the plaintiff on how to allocate fees when recovery occurred. When, later in 1992, the personal injury action settled for $70,000, the debtor received a check payable to himself and the client. After endorsing the check, the debtor gave it to Galluzzo who deposited it in Galluzzo's clients' funds account. The debtor and Galluzzo deducted a legal fee of $23,000 and Galluzzo sent the client a check for the net proceeds of $45,389.07. Galluzzo then sent the plaintiff a check for $3,000 as the debtor and Galluzzo's calculation of the plaintiff's share of the attorney's fees.

The plaintiff promptly rejected the $3,000 check as inadequate and brought an action against the debtor in the Connecticut Superior Court for a greater share of the attorney's fees. The Superior Court ruled that the plaintiff was entitled to $20,000 of the fee and the debtor $3,000. The Superior Court, on October 27, 1997, entered a judgment in favor of the plaintiff for $20,000 and, as an "adjunct order,"

ordered the debtor to provide the court "within fifteen days . . . an affidavit under oath that he has deposited in escrow the sum of $21,000" to cover the judgment and costs. (Ex. 1.) The judgment was stayed while the debtor pursued an appeal. Following dismissal of the appeal on July 1, 1998, the debtor signed and submitted on July 10, 1998 the required affidavit, despite the fact that he was financially unable to deposit the court-ordered sum in escrow. (Exs. 2,6) The affidavit was thus false and the debtor never satisfied any portion of the judgment.

## III.

## CONTENTIONS OF THE PARTIES

The plaintiff contends that "a constructive trust arose at the time the state court ordered [the debtor] to place $21,000 in escrow. . . .[that the debtor] holds the $21,000 escrow fund as an involuntary trustee of a constructive trust with plaintiff as beneficiary" and that such debt is nondischargeable under § 523(a)(4) as "a debt for fraud while acting in a fiduciary capacity." (Plaintiff's Brief at ¶¶ 22–24, 30.) The debtor argues that the debt at issue is dischargeable because he is not and never was a fiduciary of the plaintiff and that such debt was not obtained through fraud.

## IV.

## DISCUSSION

■ The Supreme Court has refused to construe an ordinary contractual commercial debt as creating a fiduciary relationship for purposes of the bankruptcy discharge exception, even where the documents executed in creating the debt purported to create such a relationship:

---

1. Due to an illness, the plaintiff was unable to appear and his attorney put into evidence various exhibits and called the debtor as a witness.

It is not enough that, by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee ex maleficio. He must have been a trustee before the wrong and without reference thereto.... The language [of § 523(a)(4)][2] would seem to apply only to a debt created by a person who was already a fiduciary when the debt was created. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 79 L.Ed. 393 (1934) (internal quotation marks and citation omitted); *see also Chapman v. Forsyth*, 43 U.S. (2 How.) 202, 11 L.Ed. 236 (1844). Similarly, this court and others have held that even where state law imposes a statutory or technical trust, not all such trusts give rise to fiduciary relationships for purposes of the discharge exception in § 523(a)(4). *In re Schusterman*, 108 B.R. 893 (lottery agent not a fiduciary under § 523(a)(4) despite state regulation); *In re Marchiando*, 13 F.3d 1111 (7th Cir.1994) (similar regarding Illinois statute). The plaintiff has the burden of proving, by a preponderance of the evidence, not only that state law imposes on the debtor a fiduciary obligation, but that the debtor also was a fiduciary of the plaintiff under the more limited scope applicable to that term under § 523(a)(4).

■■■ "The question of whether a defalcation has occurred is reached only when the threshold determination that the debtor acted in a fiduciary capacity has been made." *The Andy Warhol Foundation for Visual Arts, Inc. v. Hayes*, 183 F.3d 162, 170 (2d Cir.1999). "The meaning of fiduciary is a matter of federal law. The broad definition of fiduciary, involving confidence, trust and good faith, is not appli-

cable in dischargeability proceedings under § 523(a)(4). Section 523(a)(4) applies only to express or technical trusts." *Zohlman v. Zoldan*, 226 B.R. 767, 772 (S.D.N.Y.1998) (citations omitted). "[F]or nondischargeability purposes under Section 523(a)(4), a constructive trust is not sufficient to create a fiduciary relationship." *Gore v. Kressner (In re Kressner )*, 206 B.R. 303, 313–14 (Bankr.S.D.N.Y. 1997), *aff'd on other grounds* 152 F.3d 919 (2d Cir.1998).

■■■ The plaintiff also argues that the relationship between the debtor and the plaintiff imposed a fiduciary duty on the debtor with regard to the fee. However, both decisions cited by the plaintiff in support of this argument are distinguishable from the facts of the present proceeding. They involved an attorney's fiduciary duty to his *client*, not, as here, to another attorney. *See Ducey v. Doherty (In re Ducey )*, 160 B.R. 465 (Bankr.D.N.H.1993); *BCCI Holdings (Luxembourg), S.A. v. Clifford*, 964 F.Supp. 468 (D.D.C.1997). The Second Circuit's ruling in *Hayes* similarly held "that the attorney—client relationship ... constitutes a fiduciary relationship within the meaning of Section 523(a)(4).... [and] that the attorney's fiduciary obligation [to the client] extends to ... fee agreements." *Hayes*, 183 F.3d at 170–71. These decisions are clearly predicated on the unique nature of the attorney-client relationship and no decision cited by the plaintiff, nor any located by the court, has construed the relationship of a discharged attorney to his successor as creating a fiduciary relationship analogous to the attorney-client situation. *See, e.g. Hayes*, 183 F.3d at 170–71 (distinguishing between the "ordinary commercial debts" of *Chapman* and *Davis* and

---

**2.** The language of Bankruptcy Code § 523(a)(4) is virtually identical to that of § 17(4) of the prior Bankruptcy Act which the Supreme Court considered in *Davis. Dept. of*

*Special Revenue v. Schusterman (In re Schusterman )*, 108 B.R. 893, 894, n. 2 (Bankr. D.Conn.1989).

attorney-client fee arrangements). To the contrary, several courts have specifically held that the relationship between a discharged attorney and his successor does not create a fiduciary relationship between them. *See, e.g. Kressner,* 206 B.R. 303 (attorneys' fee-sharing arrangement did not create a fiduciary relationship); *In re Woldman,* 92 F.3d 546, 547 (7th Cir.1996) (debtor-attorney who failed to pay creditor-attorney fees generated by personal injury case was not a fiduciary of the creditor within the meaning of § 523(a)(4)).

The plaintiff argues that Formal Opinion 31 of the Connecticut Bar Association imposed a fiduciary duty on the debtor to set aside in escrow the entire fee until the question of division was resolved and that, as a result, the debtor was a fiduciary. The Connecticut Superior Court has held that "Formal Opinion 31 [of the Connecticut Bar Association] does not create an obligation by the successor lawyer to pay the discharged lawyer *until* a determination of the amount due has been adjudicated." *Silver v. Jacobs,* 1993 WL 278667 at *4 (Conn.Super.1993) (emphasis added). Hence, if any fiduciary obligation were to arise under state law, it would do so as a result of the debt, and, like the constructive trusts discussed *supra,* not precede the debt. "Without reaching the question of whether liability can be predicated on violation of an ethics opinion by a bar association," *Beck & Eldergill, P.C. v. Nevins,* 1997 WL 297678 at *2 (Conn.Super.1997), the court concludes that the relationship between the debtor and the plaintiff does not create a fiduciary relationship in the context of a dischargeability proceeding under § 523(a)(4).[3]

The plaintiff argues that, even if the court rules that the debtor is not a fiduciary, the debt should be held nondischargeable, pursuant to § 523(a)(4), for larceny or embezzlement. A debtor need not be a fiduciary for a debt to be held nondischargeable for larceny or embezzlement. *Barristers Abstract Corp. v. Caulfield (In re Caulfield),* 192 B.R. 808, 818 (Bankr.E.D.N.Y.1996). Larceny and embezzlement, for purposes of § 523(a)(4), are defined by reference to federal common law, under which an element of both is the debtor's actual fraudulent intent in obtaining the property at issue. *Id.* The plaintiff has presented no evidence to support such an inference.

The court concludes that, although the debtor had a duty of candor to the Superior Court in filing his affidavit, violation of that duty did not give rise to a fiduciary duty, under § 523(a)(4), to the opposing party with regard to the underlying indebtedness.[4] The debtor was not a fiduciary of the plaintiff and the plaintiff has not met his burden of proof on the allegations of larceny or embezzlement. Accordingly, the judgment debt at issue is not excepted from discharge by § 523(a)(4).

## V.

## CONCLUSION

Judgment will enter, for the reasons stated, for the debtor-defendant that his obligation to the plaintiff is discharged. It is

SO ORDERED.

---

**3.** Because the debtor is not a "fiduciary" of the plaintiff for purposes of § 523(a)(4), the court need not reach the question of whether he would be a fiduciary under state law.

**4.** The court will not consider additional arguments which were not raised at trial or in the complaint and were raised for the first time in the plaintiff's post-trial memorandum, e.g., that the plaintiff relied on the affidavit to his detriment.