### In the Matter of Harold SONNIER, Debtor.

### Lester BAILEY, Jr., et al., Plaintiffs,

### Louisiana Department of Transportation and Development, Intervenor/Appellee,

### v.

### Harold SONNIER, Debtor/Appellant.

Civ. A. No. 93–1791.

Bankruptcy No. 86–0416–B.

Adv. No. 86–0595–B.

United States District Court,
E.D. Louisiana.

Aug. 27, 1993.

---

Jesse S. Guillot, New Orleans, LA, for the Louisiana Dept. of Transp. and Development, appellant, Jill Boudreaux Sonnier, and plaintiffs.

Harold J. Sonnier, pro se.

## MEMORANDUM DECISION

CHARLES SCHWARTZ, Jr., District Judge.

This appeal arises out of an adversary proceeding in a bankruptcy case,[1] in which the bankruptcy court entered judgment on April 30, 1993 holding that debt owing the Louisiana Department of Transportation by Harold J. Sonnier ... is NONDIS-CHARGEABLE UNDER 11 U.S.C. § 523(a)(4)."[2] Section 523(a)(4) provides in pertinent part that a debt is exempted from discharge "for fraud *or* defalcation, while acting in a fiduciary capacity, embezzlement or larceny." *Id.* (emphasis added). Concluding that the debtor Harold Sonnier's (hereinafter "Sonnier") debt owed to the Louisiana Department of Transportation (hereinafter "DOTD") is nondischargeable the bankruptcy court held: "Sonnier committed defalcation while in a fiduciary capacity, and all debts arising as a result of such breach are nondischargeable."[3] Sonnier challenges the bankruptcy court's order holding the debt owed to the DOTD nondischargeable. The bankruptcy court held that the debt owing the DOTD in the amount of $145,199.36 was nondischargeable, but refused to award the DOTD the $25,000 in attorney's fees it requested.

Neither Sonnier nor the DOTD challenge the bankruptcy court's calculation of the debt owing the DOTD in the amount of $145,199.36. However, the DOTD has cross-appealed the aforesaid judgment of

bankruptcy court contending that it erred only insofar as it denies DOTD any recovery of attorney's fees, and more particularly, its refusal to award $25,000 in prepetition attorney's fees awarded by the state court in the expropriation proceeding it filed against the heirs of the Estate of Giles. The bankruptcy court refused to make any such award to the DOTD since since the Louisiana Supreme Court based its decision to award attorney's fees in the amount of $25,000 upon a finding that the protracted state court litigation was "caused by the failure of the Department to name the proper party defendant."[4] *State ex rel. DOT & Dev. v. Estate of Davis,* 572 So.2d 39, 45 (La.1990).

For the reasons set forth hereinafter, this Court affirms in part the April 20, 1993 judgment of the bankruptcy court.

## I. The Non–Dischargeability of the Debt.

Sonnier's four challenges to the bankruptcy court's judgment are that: (1) the bankruptcy court erred in failing to dismiss intervenor's (DOTD's) petition for failure to state a claim upon which relief can be granted; (2) the bankruptcy court erred in holding the debt claimed by the DOTD as against him nondischargeable since the doctrine of *res judicata* should prohibit DOTD from seeking to enforce its debt; (3) the bankruptcy court erred in failing to consider Sonnier's lack of mental capacity to form the intent to defraud his creditors; and finally, (4) the bankruptcy court erred in rescinding an order dismissing the adversary proceedings.

Preliminarily, the Court notes that the notice of appeal filed by Sonnier purports

---

1. The underlying bankruptcy proceeding, filed on December 29, 1986, by Harold Sonnier bears Case No. 86–04146. The adversary proceeding is No. 86–0595.

2. See, Judgment by the Honorable T.M. Brahney, U.S. Bankruptcy Judge, entered April 20, 1993 (Record Document No. 47).

3. Memorandum Opinion entered April 20, 1993, at p. 986.

4. See, Memorandum Opinion of the Bankruptcy Court in the captioned matter, entered April 20, 1993, at page 986, wherein it is stated:

The Court will not award the DOTD the $25,-000 in attorney's fees which it requests, since the heirs [i.e., plaintiff's herein] were awarded such fees based upon a finding of the state Supreme Court that the fees were based in part upon the protracted litigation which was caused by the failure of the DOTD to name the proper party plaintiff [*sic* defendant]. *Id.*

to appeal only the bankruptcy court's judgment entered April 20th, 1993. Sonnier's fourth assignment of error detailed above relates to an order of the bankruptcy court signed on July 21, 1992 and entered into the record on July 23, 1992 rescinding its order entered on March 25, 1992 which dismissed the adversary proceedings. The bankruptcy court's July 23rd, 1992 order rescinding its March 25th, 1992 dismissal order was not the subject of Sonnier's Notice of Appeal, nor was it designated part of the record on appeal, and therefore, the issues inherent therein are not properly before this Court on appeal.

■■■ Now, turning to Sonnier's three challenges to the bankruptcy court's April 20, 1993 judgment, the Court addresses these issues in turn. At the outset, this Court notes that the bankruptcy court's findings of fact are not to be set aside unless clearly erroneous.[5] Any conclusions of law are subject to *de novo* review.[6]

■■■ Sonnier's first challenge alleges that the DOTD has failed to state a claim for which relief can be granted. At this juncture the Court finds it unnecessary to reiterate the statement of the case as it was clearly and correctly detailed by the bankruptcy court at pages 983 through 984 of the bankruptcy court's memorandum opinion (attached as ADDENDUM "A"), which this Court adopts by reference.

This Court is of the opinion that the bankruptcy court was imminently correct in allowing the DOTD to intervene to oppose the discharge of Sonnier in bankruptcy. The sum and substance of the intervention filed on behalf of the DOTD is that the DOTD had to pay monies due and owing to the Heirs of Giles Davis twice, since the first monies deposited into the registry of the state court were misappropriated by Sonnier and converted to his own use. Since the plaintiffs' claims against the

DOTD settled, and they subrogated their claims against Sonnier to DOTD, it sought *via* petition for intervention filed in the bankruptcy court to have this debt declared non-dischargeable under § 523(a)(4).[7]

There is no question but that the creditor herein, the DOTD, has stated a cause of action pursuant to 11 U.S.C. 523(a)(4) which provides:

(a) A discharge under Section 727, 1141 or 1328(b) of this Title does not discharge an individual debtor from any debt ...

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; ...

Sonnier's contention that the bankruptcy court erred in failing to dismiss the DOTD's intervention for failure to state a claim upon which relief can be granted is frivolous at best.

■■■ Sonnier's second argument on appeal that *res judicata* should prohibit the DOTD from seeking to enforce its alleged debt is equally tenuous and directly contrary to controlling Fifth Circuit jurisprudence. In *In re Foreman*, 906 F.2d 123 (5th Cir.1990), the Fifth Circuit noted that the bankruptcy court retains the exclusive jurisdiction to determine the ultimate question of the dischargeability of the debt under federal bankruptcy law and reiterated the controlling rule of law, as follows:

"This court, of course, has no quarrel with the proposition ... that a bankruptcy court faced with a claim of nondischargeability under § 17 [predecessor of § 523] and presented with a state court judgment evidencing a debt is not bound by the judgment and is not barred by *res judicata* or collateral estoppel from conducting its own inquiry into the character and ultimately, the dischargeability of the debt."

---

**5.** *In re Foreman*, 906 F.2d 123, 125 (5th Cir. 1990); *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir.1989); *Richmond Leasing Co. v. Capital Bank N.A.*, 762 F.2d 1303 (5th Cir.1985).

**6.** *In re Compton*, 891 F.2d 1180, 1183 (5th Cir. 1990); *In re Bufkin Bros., Inc.*, 757 F.2d 1573 (5th Cir.1985).

**7.** The parties stipulated that the Complaint be submitted to the bankruptcy court for decision based upon the stipulations of fact, including the deposition of Dr. Harold T. Conrad, the record of the state court proceeding, and upon written memorandum of law.

*Id.* at 126 n. 4 [citing *Carey Lumber Co. v. Bell,* 615 F.2d 370, 377 (5th Cir.1980)].

■ Now turning to Sonnier's final argument that the bankruptcy court erred in failing to consider his lack of mental capacity to form the intent to defraud his creditors, the Fifth Circuit has expressly determined that a finding to defraud a creditor is a finding of fact, to which the clearly erroneous standard applies.[8] Moreover, the bankruptcy court's judgment regarding the non-dischargeability of the subject debt is not premised upon a finding of an "intent to defraud" on Sonnier's part. Rather the bankruptcy court's judgment is based upon its finding that Sonnier committed defalcation while in a fiduciary capacity.[9]

Notwithstanding the foregoing, the record is replete with evidence from which the bankruptcy court could have inferred fraudulent intent. The record leaves no room to dispute that Sonnier intended to withdraw his client's money from the registry of the state court and to convert said sums to his own use.[10] Moreover, and even

assuming that the Sonnier was manic-depressive during the pertinent timeframe, the record reflects that Dr. Harold Conrad testified at pages 29 and 30 of his deposition to the effect that a manic patient's cognition is usually in tact—that is, "they are usually aware of right and wrong...."

Notwithstanding the foregoing, the undisputed facts of this case are that Sonnier breached his fiduciary duty as attorney[11] for the Heirs of Giles Davis in the following respects: (1) settling their claims without their approval or authority; (2) failing to inform them that funds had been deposited in the registry of the state court for their benefit; (3) withdrawing their funds from the registry of the state court; and (4) depositing the aforesaid funds into his own checking account for his own use. In this vein, section 523(a)(4) only requires a showing of defalcation.

■ It is axiomatic under Louisiana law[12] that an attorney owes his clients the highest fiduciary duty recognized in the law;[13] and therefore, Sonnier's conduct

---

**8.** *In re Foreman,* 906 F.2d 123, 125 (5th Cir. 1990); see also, *In re Rubin,* 875 F.2d 755, 758 (9th Cir.1989).

**9.** See, supra note 3 and accompanying text.

**10.** At pages 12 and 13 of its appellee's brief, the DOTD recapitulates Sonnier's testimony at the preliminary injunction hearing, which was before the bankruptcy court pursuant to the stipulations of the parties, wherein Sonnier admitted using his clients funds to take care of his personal obligations knowing that such action on his part was wrong.

**11.** The issue of whether Sonnier breached a duty to his clients was litigated in the state court proceedings, wherein the state court held that Sonnier violated certain Disciplinary Rules of the Code of Professional Responsibility, to wit: (1) DR 9–102—a lawyer shall promptly notify a client of the receipt of his funds; and (2) DR 5–106—an attorney representing more than one client shall not participate in making an aggregate settlement without each client's consent, and after having been thoroughly advised of the particulars of the proposed settlement. See, *In re Foreman,* 906 F.2d 123, 126 at n. 4 (5th Cir.1990) (citing *In re Shuler,* 722 F.2d 1253, 1255 (5th Cir.1984) and finding "no error in the statement that '[c]ollateral estoppel—arising from an earlier nonbankruptcy suit's determina-

tion of subsidiary facts that were actually litigated and necessary to the decision—may properly be invoked by the bankruptcy court to bar relitigation of those issues, even though the bankruptcy court retains exclusive jurisdiction to determine the ultimate question of dischargeability ... upon the facts so based and other evidence before the Court.'"); see also, *Grogan v. Garner,* 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991) (noting that "[v]irtually every court of appeals has concluded that collateral estoppel is applicable in discharge exception proceedings").

**12.** In determining whether a particular debtor was acting in a fiduciary capacity for purposes of section 523(a)(4), the Court must look to both state and federal law. The scope of the concept of fiduciary duty under 11 U.S.C. § 523(a)(4) is a question of federal law; however, state law is important in determining whether a trust obligation exists. *In re Bennett,* 989 F.2d 779, 784 (5th Cir.1993) (citing *In re Angelle,* 610 F.2d 1335, 1339 (5th Cir.1980)).

**13.** *Plaquemines Parish Commission Counsel v. Delta Development Company, Inc.,* 502 So.2d 1034, 1040–41 (La.1987) (holding the attorney-client relationship superinduces a trust status of the highest order and imposes upon the attorney the imperative of dealing with his client on the basis of the strictest fidelity and honor); *Federal*

with respect to his clients must be measured by standards exacting the utmost fidelity. It is further undisputed in the record that Sonnier committed the acts enumerated immediately above and that such actions on his part constitute defalcation.[14] In the case at bar, the bankruptcy court found defalcation not just based upon mere breach of contract, but also based upon misappropriation of funds deposited in the registry of the state court for the Heirs of the Giles Davis. The record more than adequately evidences Sonnier's intent and/or knowing or willful breach of duty.

As previously alluded to, Sonnier's challenge regarding the bankruptcy court's alleged failure to take his diminished mental capacity into consideration essentially seeks to impeach the bankruptcy court's factual finding that Sonnier intended to breach his duties to the Heirs of Giles Davis and/or to misappropriate their funds and convert them to his own use. This Court, having reviewed the record on appeal, is convinced that the bankruptcy judge was *well* within his discretion in inferring intent [i.e., that the defendant's actions and/or omissions were knowing or willful] from the undisputed facts and circumstances of this case. More simply stated, the bankruptcy court's decision to draw the inference of intent from Sonnier's wrongful conduct and/or breaches of fiduciary duty is not clearly erroneous.

## II. Pre–Petition Attorney's Fees.

■ Now the Court turns to the DOTD's sole assignment of error that the bankruptcy court erred in refusing to award pre-petition attorney's fees it requested in the amount of $25,000, which attorney's fees were awarded by the state court to the Heirs of Giles Davis and adjudged due and owing from the DOTD pursuant to La.R.S. 48:453. Whether the bankruptcy court erred in failing to award attorney's fees is

question of law is subject to *de novo* review.[15]

The state court proceeding at issue involved an expropriation proceeding in St. Charles Parish Louisiana, pursuant to La. R.S. 48:441 *et seq.* filed by the DOTD against the Estate of Giles Davis. Just compensation for the property at issue therein was preliminarily estimated at $94,450, which sum the DOTD placed in the registry of the state court. Sonnier, as attorney of record for the Estate and pursuant to motion and order granted by the trial judge, withdrew the $94,450 on deposit from the registry of the state court. Subsequent to the answer filed on behalf of the Estate and an intervention filed on behalf of Jo Ann Davis, an alleged heir of the Estate of Giles Davis, the DODT deposited an additional $126,250.00 in the registry of the state court. Sonnier then withdrew an additional $115,890.40 from the registry of the state court. After it was discovered by Sonnier's clients and certain other heirs of Giles Davis who Sonnier did not represent in the expropriation suit that Sonnier had settled the matter without their consent and had further withdrawn the aforesaid sums from the registry of the state court, the heirs filed two lawsuits. The first was a petition to annul the settlement judgment against them alleging that: (a) Sonnier never informed them of his attempt to compromise the expropriation suit and that none of the sums paid to him were received by the heirs; (b) the settlement judgment was rendered against the Estate which was not a proper party to the lawsuit; and (c) the settlement was obtained by fraud or ill practices. The second lawsuit was filed by the heirs against Sonnier to enjoin him from expending the monies withdrawn from the registry of the state court and to order an accounting for said funds and damages. The suits were consolidated for trial.

*Savings & Loan Ins. Corp. v. Mmahat,* 97 B.R. 293, 296 (E.D.La.1988).

**14.** A defalcation has been defined by the Fifth Circuit as a willful neglect of duty, even if not accompanied by fraud or embezzlement. *In re*

*Bennett,* 989 F.2d 779, 790 (5th Cir.1993) (citing *Moreno v. Ashworth,* 892 F.2d 417, 421 (5th Cir.1990)).

**15.** *In re Luce,* 960 F.2d 1277, 1285 (5th Cir. 1992).

In the first suit (i.e., the heirs suit to annul settlement judgment), judgment was rendered against the DOTD annulling aforementioned settlement insofar as it authorized the withdrawal of $115,890.40 by Sonnier. In the second lawsuit (i.e., the heirs suit to enjoin Sonnier from expending their monies) the court ordered, *inter alia*, that the sums withdrawn from the registry of the state court by Sonnier be returned. Subsequently, the expropriation suit was tried and the court entered judgment awarding the Estate the sum of $218,604 as compensation for the expropriated property and $10,000 in attorney's fees due and owing from the DOTD. Sonnier was not a party to the expropriation proceeding and was not cast in judgment therein. The trial court allowed the DOTD to set off the amounts it had previously deposited into the registry of the state court. The appellate court affirmed and the Supreme Court of Louisiana granted certiorari primarily to review that portion of the decision allowing the DOTD a credit for sums previously deposited in the registry of the court.

In the expropriation proceeding, the Supreme Court Louisiana held that the DOTD was not entitled to a credit because the DOTD was at fault in not naming the proper party defendant which caused the heirs not to receive fair and just compensation due them. The Supreme Court further raised the amount of attorney's fees *pursuant to La.R.S. 48:453(E) due and owing the heirs from the DOTD* to $25,000 considering protracted litigation caused by the failure of the DOTD to name the proper party defendant. *State ex rel. DOT & Dev. v. Estate of Davis*, 572 So.2d at 45 (La. 1990).

In *In re Luce*, 960 F.2d 1277, 1285 (5th Cir.1992), the Fifth Circuit affirmed the bankruptcy court's decision denying pre-petition attorney's fees. In so doing, the

*Luce* court distinguished the Seventh Circuit's decision in *Klingman v. Levinson*.[16]

The basis of Fifth Circuit's decision in *Luce* affirming the district court's affirmance of the bankruptcy court's denial of pre-petition attorney's fees was as follows:

> The state court did not award attorney's fees to FELC or WCC. FELC did not even proceed against the Luces or the Luce partnership in state court. *Id.*

■ In the case at bar the same can be said for the DOTD *vis a vis* the debtor, and therefore, this Court is of the opinion that the bankruptcy court properly determined that the DOTD was not entitled to pre-petition attorney's fees. The DOTD did not proceed against the debtor Sonnier in state court. While the heirs of the Estate of Davis did proceed against Sonnier *via* suit seeking injunction and damages, it does not appear of record that any attorney's fees were awarded in favor of the heirs and against the debtor Sonnier in that state court proceeding. The DOTD requested that the bankruptcy court award attorney's in the amount of $25,000 which the state court taxed to it pursuant to La.R.S. 48:453, not to the debtor in the context of the expropriation proceeding.

■ Finally, it is not clear whether the DOTD challenges the bankruptcy court's order to the extent it fails to award post-petition attorney's fees [i.e., its fees expended in prosecuting the adversarial proceeding]. In this vein, the Court here notes that prevailing creditors have no statutory right under the Bankruptcy Act to attorney's fees. Section 523(d) only gives prevailing debtors a right to attorney's fees in an adversary proceeding. "A creditor can only recover post-petition attorney's fees when that right arises from a contract between the creditor and the debtor that is

**16.** *Klingman v. Levinson*, 58 B.R. 831, 837 (Bankr.N.D.Ill.1986), *aff'd*, 831 F.2d 1292 (7th Cir.1987). In *Klingman* the bankruptcy court held that a creditor who prevailed under section 523(a)(4) could recover prepetition attorney's fees awarded in state court stating that when a bankruptcy court determines that the underlying debt is nondischargeable, then attorney's fees awarded by a state court based on state

statutory or contractual grounds are also non-dischargeable. The *Klingman* court explained that the attorney's fees are part of the state court judgment, to wit: "'Ancillary obligations such as attorneys' fees and interest may attach to the primary debt; consequently, their status depends on that of the primary debt.'" *Id.* at 1296.

enforceable under state law." *In re Luce,* 960 F.2d 1277, 1286 (5th Cir.1992) (citing *In re Jordan,* 927 F.2d 221, 227 (5th Cir. 1991)). In the case at bar, the record designated for appeal contains no such contract(s) between the creditor and the debtor evidencing any right to attorney's fees enforceable under Louisiana law.

Accordingly, and for all of the reasons set forth hereinabove, the bankruptcy court's April 20, 1993 judgment is hereby AFFIRMED and this appeal is hereby DISMISSED.

## ADDENDUM A

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

In re Harold Sonnier, Jill Boudreaux Sonnier, Debtors.

Lester Bailey, Jr., Geraldine Hill, Grace Alexander, Louise Darnell, Hattie Babino, Pearl Davis, Lillian Dorsey, Mary B. Triche, Clarence Dorsey, Beverly B. Simmons, Brenda B. Haynes, Margaret Dorsey, Florence Turner, Lilly Darnell, Hilda Johnson and Harry Dorsey, Plaintiffs

Louisiana Department of Transportation and Development, Intervenor,

v.

Harold Sonnier, Defendant.

Docketed April 20, 1993

BANKRUPTCY NUMBER 86–04146–TMB

ADVERSARY NUMBER 86–0595–TMB

## CHAPTER 7
### *MEMORANDUM OPINION*

On October 14, 1992, this matter came before the Court as a trial on the complaint of the Plaintiffs and the Louisiana Department of Transportation and Development ("DOTD") to hold a debt owed by Harold Sonnier ("Sonnier") to be nondischargeable and the opposition filed thereto by Sonnier. The parties have stipulated that the Complaint be submitted to the Court upon stipulations of fact, including the deposition of Dr. Harold T. Conrad, the record of the state court proceeding, and upon written memoranda of law. Upon consideration of statements of counsel, the memoranda submitted, and applicable law, the complaint of Plaintiffs and DOTD is GRANTED in part and DENIED in part.

In 1983, Harold Sonnier began to represent approximately 16 heirs of Giles Davis in a land expropriation action which was brought by the State of Louisiana through the Department of Transportation and Development. Sonnier had secured employment contracts from about half of the heirs of Giles Davis. These employment contracts were contingency fee contracts which stated that neither the plaintiffs nor Sonnier were authorized to settle the expropriation proceeding without the consent of the other. Prior to the filing of the expropriation suit, Sonnier had negotiated the sale of four of the houses located on the property belonging to some of the heirs. DOTD paid $86,879 to Sonnier for the houses. Sonnier then distributed the proceeds to those heirs, while retaining a fee for himself. On July 8, 1983, DOTD initiated the Expropriation Proceeding and deposited $94,450 into the registry of the court as its estimate of the compensation owed to the heirs of Giles Davis. On July 21, 1983, Sonnier filed a motion to be recognized as the attorney of record for the Estate of Giles Davis, and a motion to withdraw the $94,450 from the registry of the court. The motions were granted on the same day by the trial judge. Subsequently, Sonnier withdrew the $94,450 from the registry of the court without advising the plaintiffs of his actions. Sonnier then paid $36,205.83 to three of the heirs of Giles Davis, namely Thelma Hubbard, Hilda Johnson, and Lilly Darnell. Sonnier kept the balance of $58,244.17.

On September 21, 1984, the Estate of Giles Davis, DOTD, and JoAnn Davis, an heir not represented by Sonnier, filed a joint petition to settle the expropriation suit, in which DOTD deposited an additional $126,250 in the registry of the court for

a total of $220,700. This judgment authorized DOTD to pay to the Estate and to JoAnn Davis the additional amount of $126,250. Sonnier withdrew $115,890.40, and JoAnn Davis withdrew the remaining $10,359.60. Sonnier accepted this settlement from the State without the consent or knowledge of his clients. Sonnier withdrew these funds from the court and deposited them into his own account.

On October 26, 1984, the heirs of Giles Davis retained another attorney who discovered the payments by DOTD and the following withdrawals by Sonnier. Plaintiffs then filed two lawsuits: (1) a suit to annul the settlement judgment alleging that Sonnier never informed them of the attempt to compromise the suit, that none of the sums paid to Sonnier were ever received by the heirs, and that the Estate of Giles Davis was not a proper party to the expropriation suit; and (2) a suit against Sonnier to enjoin him from spending the money he had withdrawn from the registry of the court and for an accounting by Sonnier of those funds.

The trial court granted a preliminary injunction. The court ordered the return of plaintiffs' remaining funds to the registry of the court, and held that Sonnier's actions were in violation of the Code of Professional Responsibility. Sonnier was ordered to deposit an additional $105,579.58 into the registry of the court to reimburse plaintiffs for the amount improperly withdrawn. Sonnier returned $73,990.82 to the registry of the Court; however, of the sum, $40,000 was obtained by a forgery by Debtor on another client and was returned to the client.

Initially, Debtor argues that the plaintiffs are barred by the doctrine of *res judicata* from relitigating the issues raised in their complaint and the dischargeability of this debt as these issues were litigated and a final judgment rendered in the state court. However, the bankruptcy courts enjoy exclusive jurisdiction to determine the dischargeability of debts. Under § 523(a)(2), (4) and (6) *In re Daley*, 776 F.2d 834, 839 (9th Cir.1985), *cert. denied*,

476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *In re Eskenazi*, 6 B.R. 366, 368 (9th Cir.BAP 1980). Accordingly, the judgment of the state court is not *res judicata* on the issue of dischargeability. This Court finds that Sonnier's debt is non-dischargeable under 11 U.S.C. § 523(a)(4), which in pertinent part states that a debt is exempted from discharge "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." Defalcation has been defined as "the slightest misconduct, and it need not be intentional conduct; negligence or ignorance may be defalcation." *In re Codias*, 78 B.R. 344, 346 (Bankr.S.D.Fla.1987). The court in *In re Chris J. Roy, A Law Corp.*, 130 B.R. 214 (Bankr.W.D.La.1991) further stated that "a defalcation may exist where even the merest deficit is caused by the Debtor's misconduct, even if the Debtor's conduct does not benefit him." (citations omitted) *Id.* at 217.

According to *In re Janikowski*, 60 B.R. 784 (Bankr.N.D.Ill.1986), when considering a § 523(a)(4) exception to discharge, a court must determine whether a fiduciary relationship exists and then whether a fraud or defalcation has occurred in the course of that fiduciary capacity. In considering whether a fiduciary relationship exists, the court in *Angelle v. Reed*, 610 F.2d 1335 (5th Cir.1980), recognized that a fiduciary relationship is limited to a technical trust but allowed for the possibility that Louisiana law imposing trust like duties may suffice to create a fiduciary relationship.

The Louisiana Supreme Court has recognized that an attorney has a fiduciary duty to his clients. In *Plaquemines Parish Commission Counsel v. Delta Development Company, Inc.*, 502 So.2d 1034 (La. 1987), the court discussed the nature of this fiduciary duty:

The relation of attorney and client is more than a contract. It superinduces a trust status of the highest order and devolves upon the attorney the imperative duty of dealing with the client only on the basis of the strictest fidelity and honor.

\*    \*    \*    \*    \*    \*

In advising his client and conducting the latter's affairs, an attorney is bound to exercise that reasonable care and diligence which is usually exercised by lawyers and must possess and employ the ordinary legal knowledge and skill which is common to the members of his profession ... This, however, is not the full extent of a lawyer's duties or obligations to his client; **he is, in addition, bound to conduct himself as a fiduciary or trustee occupying the highest position of trust and confidence, so that, in all his relations with his client, it is his duty to exercise and maintain the utmost good faith, honesty, integrity, fairness and fidelity.**

*Id.* at 1040 (citing *Searcy v. Novo,* 188 So.2d 490 (La.App. 2d Cir.1939)). Other Louisiana cases which describe the attorney-client relationship include *Lupo v. Lupo,* 475 So.2d 402 (1st Cir.1985) (in no other agency relation is a greater duty of trust imposed than in that involving an attorney's duty to his client or former client); *Feldheim v. Plaquemines Oil & Development Co.,* 282 So.2d 469 (La.1973) ("there must be perfect fairness, adequacy and equity on the part of the attorney"); *La. State Bar Association v. Van Buskirk,* 249 La. 781, 191 So.2d 497 (1966). *See also Federal Savings & Loan Insurance Corp. v. Mmahat,* 97 B.R. 293, 296 (E.D.La.1988) (attorney-client relationship gives rise to a fiduciary relationship; judgment rendered against the debtor for malpractice is non-dischargeable under § 523(a)(4)).

In the present case, it is undisputed that an attorney-client relationship existed between Sonnier and the heirs. Sonnier had drawn up employment contracts which were signed by each of his clients in the expropriation proceeding. These contracts specifically stated that neither party would settle the suit without the consent of the other, with Sonnier to be paid on contingency.

Furthermore, the issue of whether Sonnier breached a duty to his clients has already been litigated in the state court proceeding. In *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), the court held that the doctrine of collateral estoppel applies to discharge exemption proceedings in bankruptcy. Collateral estoppel bars relitigation of an issue in bankruptcy if: (1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) it was determined by a valid and final judgment; and (4) the determination was essential to the prior judgment. *In re Ross,* 602 F.2d 604, 607–608 (3rd Cir.1979). The doctrine only prevents relitigation of issues that were actually and necessarily resolved by the nonbankruptcy court in the prior proceeding. *In re Wallace,* 840 F.2d 762, 765 (10th Cir.1988).

In the Reasons for Judgment in the suit for preliminary injunction against Sonnier, *Lester J. Bailey, et al. v. Harold J. Sonnier,* No. 28,176, 29th JDC for the Parish of St. Charles, Nov. 21 1984, the trial court held that Sonnier violated the Disciplinary Rules of the Code of Professional Responsibility (which was replaced in 1987 by the Rules of Professional Conduct), in particular DR 9–102 (currently Rule 1.15) which states that a lawyer shall promptly notify a client of the receipt of his funds. The court concluded that Sonnier violated this "cardinal rule" by not promptly distributing funds that each client was entitled to, but instead applying that money to attorney's fees. Next, the court also held that Sonnier violated another disciplinary rule, that when an attorney represents two or more clients he shall not participate in the making of an aggregate settlement unless each client has consented, after being advised of the existence and nature of all claims involved in the proposed settlement, of the total amount of the settlement, and of the participation of each person in the settlement. (DR 5–106, which is currently Rule 1.8(g))

In the subsequent suit for permanent injunction, *Lester J. Bailey, Jr., et al. v. Harold J. Sonnier,* No. 28,176, 29th JDC for the Parish of St. Charles, March 4, 1986, the court made its decision based on a stipulation of facts, including the testimony

of the witnesses and the documentary evidence from the preliminary injunction. In its judgment on this case, the court found that Sonnier had already returned $73,990.82 to the registry of the court, and held that Sonnier must further deposit $105,569.58 with the court to reimburse the plaintiffs for money owed them. Finally, the court held that Sonnier was due to be paid $5,000 for his services after such sums were returned.

Moreover, the trial court, on March 5, 1986, annulled its September 21, 1984 order allowing Sonnier to withdraw funds. On January 12, 1987, the Fifth Circuit Court of Appeal, in *Lester Bailey Jr. et al. v. Louisiana Department of Transportation and Development consolidated with Lester Bailey, Jr. et al. v. Harold J. Sonnier,* upheld the judgment of annulment of the trial court, holding that an attorney may not confect a settlement without the written authorization of his client. The court held that "for an attorney to enter a nonconsensual settlement is, moreover, a violation of the Code of Professional Responsibility. Louisiana Code of Professional Responsibility DR 5–106." This determination was not appealed.

The plaintiffs ultimately received the monies they were owed from DOTD. In the expropriation suit, the trial court had held that DOTD should be allowed a credit for the money that was paid into the registry of the court, even though it was misappropriated by Sonnier. However, the Louisiana Supreme Court reversed, stating that DOTD was not entitled to a credit for the money that it already paid, because the Estate of Giles Davis was not a proper party to the expropriation action. The Supreme Court held that the proper party was not an attorney appointed by the court to represent the estate, but a succession representative. As a result, DOTD had to pay money into the registry of the court a second time to reimburse the heirs of Giles Davis for funds that were misappropriated by Sonnier. Therefore, the plaintiffs' claims against DOTD have been settled, and they have subrogated their claim against Sonnier to DOTD. DOTD now seeks to have this debt declared non-dischargeable under § 523(a)(4).

This Court finds that the debt is non-dischargeable under § 523(a)(4), and the Complaint of Plaintiffs and DOTD is GRANTED as to Harold Sonnier. It is clear that the heirs were not paid sums due them because of Sonnier's actions in making unauthorized settlements and by withdrawing monies from the registry of the court, but failing to use the funds to pay the heirs. Sonnier's actions were adjudged to be in violation of the duty owed his clients. Because of these actions, the heirs did not receive funds to which they were entitled and to which the DOTD had deposited funds into the registry of the court for their benefit. As such, Sonnier committed defalcation while in a fiduciary capacity, and all debts arising as a result of such breach are nondischargeable. As for Jill Boudreaux Sonnier, wife of debtor, there have been no allegations as to her involvement in the misappropriation of funds. Therefore, the debt will be dischargeable as to Jill Boudreaux Sonnier.

This Court finds the amount of the non-dischargeable debt to in the amount of $145,199.36, which is the amount the DOTD was required to pay the heirs of Giles Davis by the state Supreme Court. The Court will not award DOTD the $25,000 in attorney's fees which it requests, since the heirs were awarded such fees based upon a finding by the state Supreme Court that the fees were based in part upon the protracted litigation which was caused by the failure of the DOTD to name the proper party plaintiff. An appropriate judgment will be entered.

New Orleans, Louisiana, this 20th day of April, 1993.

/s/ T.M. Brahney, III
T.M. BRAHNEY, III
U.S. BANKRUPTCY JUDGE