**In re C. Vernon MASON, Debtor.**

**Inez TILLMAN, Plaintiff,**

v.

**C. Vernon MASON, Defendant.**

**Bankruptcy No. 95–B–45137(JLG).
Adv. No. 95–9957A.**

United States Bankruptcy Court,
S.D. New York.

Jan. 12, 1996.

Inez Tillman, Staten Island, New York, pro se.

Stephen C. Jackson, New York City, for Debtor.

## MEMORANDUM DECISION DENYING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT AND DISMISSING COMPLAINT

JAMES L. GARRITY, Jr., Bankruptcy Judge.

Inez Tillman ("Tillman" or "plaintiff") commenced this litigation seeking judgment declaring her $30,158.08 unsecured claim against C. Vernon Mason ("debtor") nondischargeable under § 523(a)(4) of the Bankruptcy Code ("Code"). The matter before us is Tillman's cross motion pursuant to Fed. R.Civ.P. 56 and Bankruptcy Rule 7056 for summary judgment on her complaint. For the reasons stated herein, Tillman's motion is

denied. Because we find that as a matter of law Tillman is not entitled to relief under § 523(a)(4), we dismiss her complaint.[1]

*Facts*

On or about April 11, 1995, debtor filed a voluntary petition under chapter 11 of the Code in this district. His case was converted to one under chapter 7 of the Code by order of this court pursuant to an uncontested motion filed by the Office of the United States Trustee under § 1112(b) of the Code. Mason formerly was licensed to practice law in the State of New York. By order of the New York State Supreme Court, New York County, dated January 26, 1995, which was affirmed on appeal, he was disbarred. Plaintiff is Mason's former client. Prior to October 1983, she was discharged from her employment with Rockland Children's Psychiatric Center ("Rockland"). She contends that she was wrongly fired and that she is the victim of employment discrimination. In or about October 1983, Tillman retained Mason to represent her against Rockland. On or about July 29, 1986, Mason commenced an action against Rockland on Tillman's behalf in the United States District Court for the Southern District of New York. Although Mason timely commenced that litigation, he failed timely to serve the complaint in accordance with Fed.R.Civ.P. 4(j). Rockland moved to dismiss the case pursuant to Fed.R.Civ.P. 12(c) and the district court granted the motion. That decision was affirmed on appeal. *See Tillman v. New York State Dep't of Mental Health*, 963 F.2d 1521 (2d Cir.1992).

Tillman sued Mason in New York State Supreme Court, Richmond County, seeking damages on account of his alleged negligence, malpractice, breach of contract by failing to perform required duties, breach of contract by charging excessive fees, fraud, and breach of Judiciary Law § 487. Tillman moved for an order granting her summary judgment on her breach of contract and malpractice claims. By decision dated January 31, 1992, the state court granted plaintiff's

motion "to the extent that [she] is entitled to partial summary judgment on the issue of [Mason's] negligence in failing to cause the Federal complaint to be served in a timely fashion." *See Tillman v. Mason*, No. 2555/90, slip op. at 3 (N.Y.Sup.Ct. January 31, 1992) (Sangiorgio, J.). The court denied Tillman's request for damages because "[a]n attorney cannot be held liable for negligence, notwithstanding any omissions such as the ones at bar, unless it is shown that plaintiff would have been successful on her underlying claim, and that actual damages were suffered," *id.* at 2, and Tillman failed to make such a showing. *Id.* at 3 ("The question as to whether plaintiff would have been successful on her underlying claims of employment discrimination in Federal court, and her damages, if any, remains an issue of fact for the jury"). The trial commenced October 13, 1993. Before the case was submitted to the jury, the court granted judgment dismissing the allegations of fraud, attorney misconduct and excessive fees. The jury found that Tillman was not the victim of employment discrimination but awarded her the sum of $125,000 on account of Mason's failure timely to serve the complaint. Mason then moved for, among other things, an order setting aside the jury verdict as to the contract cause of action. By Order and Decision dated June 17, 1994, the court set aside the jury verdict as excessive. *Tillman v. Mason*, No. 2555/90, slip op. (N.Y.Sup.Ct. June 17, 1994) (Leone, J.). The court found that "[t]he evidence adduced at trial clearly indicated that [Tillman] paid the defendant MASON a $2500.00 retainer fee and $350.00 monthly from October 1983 to 1986. The total equalling $16,500.00." *Id.* at 3. Thus, the court held that "[a] conditional order wherein plaintiff agrees and stipulates to the reduced amount of $16,150.00 may be entered into by the parties. If the plaintiff refuses to stipulate, a new trial limited to the damages arising from the breach of contract will occur." *Id.* at 4. On or about January 20, 1995, Tillman sent Mason a stipulation reducing

---

1. Our subject matter jurisdiction of this matter is predicated on 28 U.S.C. §§ 1334(b) and 157(a) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

the judgment to $16,150. Mason took no action regarding that stipulation and on or about March 8, 1995, Judge Leone entered an order providing in relevant part "that judgment of June 29, 1994 shall remain as entered in the reduced sum of $16,150 with interest from the date of entry of judgment plus costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs." *See Tillman v. Mason,* No. 2555/90 (N.Y.Sup.Ct. March 9, 1995) (order fixing damages). On or about April 10, 1995, Tillman sought reconsideration of Judge Leone's order arguing that interest on her award should be calculated from November 29, 1986, the date of the contract, rather than the date of entry of judgment. Mason failed to respond to the motion or to appear at the hearing. Apparently, neither Mason nor Tillman informed the state court of the filing of Mason's chapter 11 petition and by order dated July 12, 1995, Judge Leone granted Tillman's motion for reconsideration and awarded her prejudgment interest pursuant to N.Y.Civ.Prac. L. & R. § 5001(a) calculated from November 29, 1986. *See Tillman v. Mason,* No. 2555/90 (N.Y.Sup.Ct. July 12, 1995) (order on motion for reconsideration). On or about August 29, 1995, the state court Judgment Clerk entered judgment in Tillman's favor in the sum of $30,158.08, inclusive of prejudgment interest, costs and disbursements. *See Tillman v. Mason,* No. 2555/90 (N.Y.Sup.Ct. August 29, 1995) (clerk's judgment).

Mason admits that at all relevant times he was acting as Tillman's attorney. The parties agree that for purposes of this litigation they are bound by the findings in the state court litigation. *See Grogan v. Garner,* 498 U.S. 279, 284, n. 11, 111 S.Ct. 654, 658, n. 11, 112 L.Ed.2d 755 (1991). Tillman focuses on the state court's determination that Mason negligently failed to ensure that the complaint was timely filed. She cites that lapse as the defalcation rendering her claim non-dischargeable under § 523(a)(4). Mason moved for summary judgment dismissing Tillman's complaint. Ignoring the premises underlying Tillman's action, he argued only that the state court's dismissal of the fraud charges bars the litigation herein. After hearing argument, we denied Mason's motion

as a matter of law because a party can establish defalcation without proving fraud. An order to that effect has not been entered.

*Discussion*

■ Fed.R.Civ.P. 56(c) states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Local Bankruptcy Rule 13(h) instructs a party moving for summary judgment to submit a concise statement of the material facts as to which it contends there are no genuine issues to be tried. The party opposing the motion, in turn, is required submit a statement of material facts as to which it contends there are no genuine issues to be tried. All material facts set forth in the moving party's statement are deemed to be admitted unless controverted by the opposing party's statement. *See generally In re Operation Open City,* 148 B.R. 184, 188 n. 3 (Bankr.S.D.N.Y.1992), *aff'd,* 170 B.R. 818 (S.D.N.Y.1994). The rule is adapted from Civil Rule 3(g) of the District Rules for the United States District Court for the Southern District of New York. *See* Local Bankruptcy Rule 13 comment. Tillman and Mason submitted statements of undisputed facts in support of their respective motions but did so pursuant to Civil Rule 3(g). We will treat them as Rule 13(h) statements. Tillman opposed Mason's statement of undisputed facts. Mason failed to submit an opposing statement or otherwise controvert the facts set forth in Tillman's statement. Accordingly the facts contained therein are deemed admitted and this matter is ripe for summary judgment. *See* Local Bankruptcy Rule 13(h); Civil Rule 3(g); *see also Alfin, Inc. v. Pacific Ins. Co.,* 735 F.Supp. 115, 116 (S.D.N.Y.1990) (Civil Rule 3(g)); *In re Operation Open City,* 148 B.R. at 188 n. 3 (Local Rule 13(h)).

■ Section 523(a)(4) provides that a discharge under §§ 727, 1141 or § 1328(b) of

the Code does not discharge an individual debtor from a debt "for fraud or defalcation while acting in a fiduciary capacity...." 11 U.S.C. § 523(a)(4). Although federal law determines who is a "fiduciary" for purposes of § 523(a)(4), state law is relevant in determining whether such a relationship exists. *E.g., Ragsdale v. Haller,* 780 F.2d 794, 796 (9th Cir.1986); *In re Stokes,* 142 B.R. 908, 910 (Bankr.N.D.Cal.1992); *In re Gans,* 75 B.R. 474, 490 (Bankr.S.D.N.Y.1987). Under New York law, an attorney stands as a fiduciary to his client. *E.g., Hafter v. Farkas,* 498 F.2d 587, 589 (2d Cir.1974). However, to trigger application of § 523(a)(4), there must be an express or technical trust relationship between the debtor and aggrieved creditor. *E.g., In re Quaif,* 4 F.3d 950, 953 (11th Cir.1993); *In re Ward,* 115 B.R. 532, 540 (W.D.Mich.1990) (citing *In re Interstate Agency,* 760 F.2d 121 (6th Cir.1985)); *Matter of Barton,* 465 F.Supp. 918, 923 (S.D.N.Y. 1979) (same) (Act case)[2]; *In re Gans,* 75 B.R. at 490; *but see In re Cochrane,* 179 B.R. 628 (Bankr.D.Minn.1995). The trust must exist prior to the act of wrongdoing out of which the debt arose. *In re Pedrazzini,* 644 F.2d 756, 758 (9th Cir.1981). Where a client is seeking a determination that its claim against a debtor/attorney is non-dischargeable under § 523(a)(4), courts have looked to the disciplinary rules adopted by the state's highest court in determining whether the requisite fiduciary relationship exists among the parties, absent an express trust agreement among the parties or a state or federal statute creating a trust relationship. *E.g., In re Ward,* 115 B.R. at 540 n. 5; *In re McDowell,* 162 B.R. 136, 139 (Bankr.N.D.Ohio 1993); *In re Ducey,* 160 B.R. 465, 469 (Bankr.D.N.H.1993); *In re Stokes,* 142 B.R. at 909–10; *In re Janikowski,* 60 B.R. 784, 789 (Bankr.N.D.Ill.1986).

▓ Tillman contends that her claim is non-dischargeable because in negligently failing timely to file the complaint, Mason allegedly breached Disciplinary Rule ("DR") 6–101(a)(3) of the New York Code of Professional Responsibility. In part, that rule pro-

vides that "[a] lawyer shall not ... neglect a legal matter entrusted to the lawyer." For some courts, the breach of a state court disciplinary rule by a debtor/attorney is grounds for finding the aggrieved client's claim non-dischargeable under § 523(a)(4), without regard to whether the underlying disciplinary rule creates a trust relationship between the debtor and the client. *E.g., Matter of Sonnier,* 157 B.R. 976 (E.D.La. 1993); *In re Harris–Miles,* 187 B.R. 178 (Bankr.N.D.Ohio 1995); *Matter of Charfoos,* 183 B.R. 131 (Bankr.E.D.Mich.1994); *In re Gelman,* 47 B.R. 735 (Bankr.S.D.Fla.1985). We respectfully disagree with those decisions to the extent that the courts failed to find the existence of a trust relationship between the debtor/attorney and his client under state or federal law. *See, e.g., In re Librandi,* 183 B.R. 379, 384 (M.D.Pa.1995) ("there can be no fiduciary relationship for purposes of § 523(a)(4) because there is no trust res"); *In re Ward,* 115 B.R. at 540 (in refusing to deny discharge under § 523(a)(4), "[t]he bankruptcy court quite properly found that appellants produced no evidence to show that an express trust existed"); *In re Stokes,* 142 B.R. at 909–10 ("as a matter of federal law, only fiduciary relationships arising from express or statutory trusts are covered by [§ 523(a)(4) ]"); *Matter of Barton,* 465 F.Supp. at 923 ("The intent of the statute ... requires as a threshold, that the bankrupt hold property in trust. The cases under section 17(a)(4) regarding attorneys as fiduciaries are united in their prohibition of attorney conduct that affects funds or other property entrusted to an attorney, under a retained claim of equitable title by the client."). *See also In re Gans,* 75 B.R. at 489–92 (express or technical trust must exist between attorney/debtor and client/creditor for purposes of § 523(a)(4), not mere debtor-creditor relationship).

▓ In *In re Janikowski,* 60 B.R. 784, the court denied a motion to dismiss a § 523(a)(4) complaint brought against a debtor/attorney by his former client. In finding that the underlying complaint plead the exis-

---

2. *Barton* involved the interpretation of § 17(a)(4) of the Bankruptcy Act, the predecessor to § 523(a)(4) of the Code. Nonetheless it is relevant because "the two statutes are similar enough that decisions construing the prior stat-

ute are applicable to § 523(a)(4)." *Matter of Bennett,* 989 F.2d 779, 784 (5th Cir.), *cert. denied sub nom. Bennett v. LSP Inv. Partnership,* —— U.S. ——, 114 S.Ct. 601, 126 L.Ed.2d 566 (1993).

tence of a fiduciary relationship under § 523(a)(4), the court held, in part, that Canon 6, Rule 6–101(a)(3) of the Illinois Code of Professional Responsibility creates a trust relationship between an attorney and his client. *Id.* at 789. The text of that rule is identical to DR 6–101(a)(3). Nonetheless, we do not read the New York statute as giving rise to a trust relationship between Mason and Tillman. The elements of an express trust are an explicit declaration of trust, a clearly defined trust res and an intent to create a trust relationship. *E.g., Matter of Kawczynski,* 442 F.Supp. 413, 416 (W.D.N.Y. 1977). DR 6–101(a)(3) has been interpreted to impose a non-delegable duty on the part of an attorney to assure proper service of a client's legal process. *See Kleeman v. Rheingold,* 81 N.Y.2d 270, 614 N.E.2d 712, 598 N.Y.S.2d 149 (1993). However, it lacks all the elements of an express trust notwithstanding the statute's use of the term "entrusted". *Compare* DR 9–102(A) (attorney is prohibited from commingling client property or funds with own property); DR 9–101(B) (requirement that attorney hold client funds in segregated account); *In re Stokes,* 142 B.R. at 910 (interpreting California law). This interpretation of the statute is consistent with the directive that exceptions to discharge be narrowly construed. *E.g., In re McNallen,* 62 F.3d 619, 625 (4th Cir.1995); *In re Menna,* 16 F.3d 7, 9 (1st Cir.1994); *In re Danns,* 558 F.2d 114, 116 (2d Cir.1977) (Act case).

Tillman misplaces her reliance on *In re Garver,* 180 B.R. 181 (Bankr.N.D.Ohio 1995), as support for her motion. There, debtor, an attorney, entered into a joint venture agreement pre-petition with R.E. America ("REA") to acquire an entity known as A.A. Gage, Inc., in which debtor had an undisclosed interest. REA and debtor agreed that each would receive a 50% interest in Gage and that each would contribute $600,000 to a holding company to be formed by debtor. Debtor failed to make his contribution and REA sued him for breach of contract, fraud and malpractice. *Id.* at 184. Pre-petition, a state court jury awarded REA $600,000 in compensatory damages on account of debtor's malpractice and breach of contract. *Id.* On further petition to the state court, REA was awarded $215,178.00 in prejudgment interest. *Id.* REA contended, and the bankruptcy court held, that the indebtedness was non-dischargeable under § 523(a)(4) of the Code. *Id.* In doing so, the court read the term "defalcation" to include any "failure to meet an obligation", *id.* (quoting Black's Law Dictionary (6th Ed.1990)), and found debtor's failure to make his $600,000 contribution, as well as his breach of certain Canons of Professional Ethics For Attorneys, to be defalcations under § 523(a)(4) of the Code. *Id.* Significantly, the parties stipulated to the existence of a fiduciary relationship for purposes of § 523(a)(4) of the Code. *Id.* Here, no such relationship exists between Mason and Tillman. As a matter of law, Tillman is not entitled to relief on her complaint even assuming, *arguendo,* that Mason's negligent failure to file the complaint constitutes a defalcation under § 523(a)(4) of the Code. *See In re Librandi,* 183 B.R. at 385; *In re Ward,* 115 B.R. at 540; *In re Stokes,* 142 B.R. at 910–11; *In re Gans,* 75 B.R. at 489–90.

Accordingly, Tillman's summary judgment motion is denied. Because Tillman's complaint has no basis in law, it must be dismissed, notwithstanding our denial of Mason's summary judgment motion. We are free *sua sponte* to reconsider our denial of that motion. *See In re Creative Goldsmiths of Washington, D.C.,* 178 B.R. 87, 90–91 n. 2 (Bankr.D.Md.1995). Moreover, where, as here, there are no disputed issues of material fact and it appears that judgment to a non-moving party is appropriate, we may *sua sponte* grant summary judgment to the non-moving party. *Local 33, Int'l Hod Carriers Union v. Mason Tenders Dist. Council,* 291 F.2d 496, 505 (2d Cir.1961); *In re AP Industries, Inc.,* 117 B.R. 789, 796 (Bankr.S.D.N.Y. 1990).

### Conclusion

For the foregoing reasons, plaintiff's motion for summary judgment is denied and her complaint is dismissed.

SETTLE JUDGMENT AND ORDER.