In re Jill GASSTER, Debtor.

Richa and Louis Vahle, Plaintiffs,

v.

Jill Gasster, Defendant.

Bankruptcy No. 03–11637.
Adversary No. 03–1181.

United States Bankruptcy Court,
N.D. California.

Oct. 25, 2003.

Michael G. Miller, Law Offices of Senneff and Kelly, Santa Rosa, CA, for Plaintiffs.

Cory A. Birnberg, Law Offices of Birnberg and Assoc., San Francisco, CA, for Defendant.

### Memorandum on Motion for Summary Judgment

ALAN JAROSLOVSKY, Bankruptcy Judge.

Chapter 7 debtor and defendant Jill Gasster is the former attorney of plaintiffs Richa and Louis Vahle. Prior to bankruptcy, a state court judge found that Gasster had negligently failed to communicate a settlement offer to the Vahles and had breached her fiduciary duty to them by failing to oppose a post-trial motion on their behalf. The state court entered a judgment against Gasster for $68,300.00 plus costs. There is no evidence that the judgment is final, and Gasster's answer alleges that it is on appeal.

After Gasster filed her bankruptcy petition, the Vahles filed a complaint to determine the dischargeability of the debt, alleging only that it was nondischargeable under § 523(a)(4) of the Bankruptcy Code as defalcation while acting in a fiduciary capacity. Gasster has filed a motion for summary judgment, including a declaration that she did communicate the settlement offer and that the post-trial motion was not properly served on her. The Vahles filed no counter-declarations, relying only on the state court decision attached to their complaint.

The court begins by noting that the state court judgment does not preclude litigation of issues in this court because it is not final. *In re Cantrell,* 329 F.3d 1119, 1123 (9th Cir.2003).

Even if the judgment was final, it would not establish a nondischargeable debt. The law regarding the attorney-client relationship and § 523(a)(4) has been clearly set forth in *In re Bigelow,* 271 B.R. 178, 187–88 (9th Cir. BAP 2001):

> In the Ninth Circuit, a general fiduciary attorney-client relationship may rise to the level of a fiduciary relationship for purposes of § 523(a)(4) if there are client trust funds involved..... *Braud v. Stokes (In re Stokes),* 142 B.R. 908, 910 n. 3 (Bankr.N.D.Cal.1992) (professional rule requiring client trust fund is the sole exception to the general statement that no California statute elevated the attorney-client relationship to trustee-beneficiary status). Accord *Watson v. Parker (In re Parker),* 264 B.R. 685, 700 (10th Cir. BAP 2001) (holding that more than a general attorney-client relationship is required to establish a fiduciary relationship under discharge exception for fraud or defalcation while acting in fiduciary capacity)....

> Since there were not trust funds involved in Bigelow's attorney-client relationship with Stephens, theirs was not a "fiduciary" relationship within the nar-

row meaning of § 523(a)(4). Nor could there have been, by definition, a "defalcation" without trust funds.

Since the Vahles are not entitled to claim issue preclusion by the state court judgment because they have not shown that it is final, they have produced no competent evidence refuting Gasster's declaration. If the party moving for summary judgment meets its initial burden of presenting competent evidence that there is no triable issue of fact, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Elec. Service, Inc. v. Pacific Elec., Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

■ The Vahles have produced no evidence creating a triable issue of fact or refuting Gasster. Even if the court were to consider the non-final judgment, it does not establish a nondischargeable debt because no trust funds were involved. Gasster's motion for summary judgment will accordingly be granted. Counsel for Gasster shall submit an appropriate form of order granting her motion and a form of judgment declaring that her debt to the Vahles is discharged.